

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SCJ
F. #2017R01691

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 3, 2019

<u>By Hand Delivery and ECF</u>

Kevin J. Keating, Esq.
666 Old Country Road, Suite 900
Garden City, New York 11530
Attorney for Iskyo Aronov

Gordon Mehler, Esq.
Mehler Law Pllc
747 Third Avenue, 32nd Floor
New York, New York 10017-2803
Attorney for Michael Konstantinovskiy

Alan Futerfas, Esq.
Ellen Resnick, Esq.
The Law Offices of Alan S. Futerfas
565 Fifth Ave., 7th Floor
New York, NY 10017
Attorneys for Tomer Dafna

Susan R. Necheles, Esq.
Kathleen E. Cassidy, Esq.
Hafetz & Necheles LLP
10 E. 40th St., 48th Fl.
New York, NY 10016
Attorneys for Avraham Tarshish

Todd D. Greenberg
Addabbo & Greenberg
118-21 Queens Blvd. Suite 306
Forest Hills, NY 11375
Attorney for Michael Herskowitz

Re: United States v. Aronov et al.
    <u>Criminal Docket No. 19-408 (MKB)</u>

Dear Defense Counsel:

      Discovery is being provided to you in accordance with Rule 16 of the Federal Rules of Criminal Procedure, and pursuant to the protective order entered by the Court on December 3, 2019. The government also requests reciprocal discovery from each defendant.

      The government will continue to provide discovery on a rolling basis.

I.   The Government's Discovery

   A.   Statements of the Defendant

   To the extent a defendant made statements to law enforcement, a summary of those statements will be provided separately to that specific defendant.

   B.   The Defendant's Criminal History

   A copy of a defendant's criminal history report will be provided separately to that specific defendant.

   C.   Documents and Tangible Objects

   The government has made available at First Choice Copy ("First Choice"), for reproduction to the defendants, documents bates-stamped DOJ0000000001 – DOJ0000637733 obtained, inter alia, (i) through the issuance of administrative subpoenas by HUD-OIG, (ii) through the issuance of grand jury subpoenas, and (iii) voluntary productions. Enclosed is an index of the documents and data (the "Government's Discovery Index") to enable the defendants to obtain the materials he or she considers relevant to his or her defense. You may obtain copies of the materials listed on the Government's Discovery Index by contacting Joseph Meisner at First Choice at 718-381-1480, extension 212, and referencing a print order number that will be provided under separate cover. First Choice is located at 52-08 Grand Avenue, Maspeth, New York 11378.

   You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

   D.   Reports of Examinations and Tests

   The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

   E.   Expert Witnesses

   The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

   The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

   F.   Brady Material

   The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to

produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by any defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's

position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by December 10, 2019.  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email.  If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Shannon C. Jones
John Vageltos
Assistant U.S. Attorneys
(718) 254-6379 (S. Jones)

Enclosures

cc:     Clerk of the Court (MKB) (by ECF) (without enclosure)

4