UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
UNITED STATES OF AMERICA,　　　　　　　　　　19-CR-408

                      Plaintiff,　　　　　　　　　　AFFIDAVIT IN
                                                      SUPPORT

     -against-

ISKYO ARONOV, MICHAEL KONSTANTINOVSKIY,
TOMER DAFNA, AVRAHAM TARSHISH, and MICHAEL
HERSKOWITZ,

                      Defendants.
---------------------------------------------X

STATE OF NEW YORK　　　)
　　　　　　　　　　　　) ss.:
COUNTY OF QUEENS　　　　)

        Yehuda D. Povarsky, being duly affirmed, deposes and says under penalty of perjury:

        1.    I am a member of non-party movant, 120 Marcus Garvey LLC ("120 MG"). I have reviewed the statements set forth herein in the context of the records kept by 120 MG and have duly executed this affidavit based upon that review and upon my personal knowledge of the stated facts and circumstances. As part of my job responsibilities for the Company, I am familiar with the type of records maintained by the Company.

        2.    I make this affirmation in support of the 120 MG's application for an order:

    a. pursuant to the New York Civil Practice Laws and Rules ("CPLR") § 6501 and CPLR § 6514, cancelling the lis pendens filed against the premises known as and by the street address 120 Marcus Garvey Boulevard, Brooklyn, New York 11206 (Block 1769, Lot 44) and

    b. granting 120 MG costs and expenses occasioned by the filing and cancellation of the notice of pendency against 120 Marcus Garvey Boulevard, Brooklyn, New York 11206 (Block 1769, Lot 44) (the "Premises"), and

    c. for such other and further relief in favor of 120 MG as the court deems to be just and proper.

3. The indictment that precipitated this action was duly filed on September 6, 2019 and is annexed hereto as **Exhibit A**.

4. The notice of pendency of action against the Premises was unavailable to 120 MG, but proof of such notice of pendency is annexed hereto as **Exhibit B**.

5. Plaintiff, United States of America ("Plaintiff"), never named or served 120 MG, the owner of the Premises, in this action even though Plaintiff seems to be trying to claim title to the Premises through this action and has filed a notice of pendency against 120 MG's property.

6. On or about October 29, 2019, 120 MG's counsel sent Assistant United States Attorney Tanisha R. Payne, Esq., a letter, annexed hereto as **Exhibit C** (sans exhibits), in which 120 MG conclusively demonstrates that none of the defendants to this action have any ownership interest in the Premises (the "October 29 Letter").

7. The October 29 Letter explains that "none of the defendants in the above referenced indictment filed in the United States District Court, Eastern District of New York in Cr. No. 408/2019, including, but not limited to defendant, Tomer Dafna ("Dafna"), has an ownership interest in 120 MG or the Premises as of the date that the Indictment was filed, and, as such, that the United States of America, the plaintiff in the Indictment, should release any and all liens that it maintains against 120 MG or the Premises".

8. To further assist with this explanation, we have annexed the ACRIS filings with respect to the Premises hereto as **Exhibit E**.

9. As set forth in the October 29 Letter, on or about August 4, 2014, 120 MG purchased the Premises pursuant to a deed issued from Aracellis Garcia, which deed was recorded in the Kings County Register's Office on September 3, 2014 as CRFN # 2014000293402 and is

annexed hereto as **Exhibit F**. The sole owner of 120 MG on August 4, 2014, was Dafna pursuant to an operating agreement dated July 15, 2014 annexed hereto as **Exhibit G**.

10. On June 9, 2015, a closing that took place whereby Dafna sold his entire 100% membership interest in 120 MG to 180 Marstuy LLC pursuant to an Assignment and Assumption of Membership Interests of 120 MG (the "Assignment of 120 MG") annexed hereto as **Exhibit H**. The Assignment of 120 MG was recorded against the Premises on August 18, 2015, in the Kings County Register as CRFN # 2015000287134. See **Exhibit F**.

11. Dafna also executed a document named Canceling Prior Membership Agreement and Resignation of 120 MG annexed hereto as **Exhibit I**, where Dafna resigned as managing member of 120 MG.

12. These documents were executed as a part of a comprehensive closing consisting of three different properties which were purchased by an entity known as 3 Spec Investors LLC, which was a 90% member of 180 Marstuy LLC (see below) (the "First Closing"). The closing statement relating to the First Closing is annexed hereto as **Exhibit J**, whereby consideration for the transaction is shown (the "Closing Statement"). See pages 8-9 of the Closing Statement (**Exhibit J**). A new operating agreement for 120 MG was not executed at the First Closing, and the Assignment of 120 MG (**Exhibit H**) was to be considered the new operating agreement for 120 MG at the conclusion of the First Closing.

13. At the time of the First Closing, 180 Marstuy LLC was an entity that was owned by (a) 3 Spec Investors LLC as to a 90% membership interest and (b) Exclusive Homes NY LLC referred to in the documents also as "EHNY LLC" (this entity is hereinafter known as "EHNY LLC") as to a 10% membership interest. See Operating Agreement of 180 Marstuy LLC dated June 9, 2015 annexed hereto as **Exhibit K** ("180 Marstuy OA"). As set forth in the 180

Marstuy OA, the original managers of 180 Marstuy LLC were Scott Kushnick and Dafna. See 180 Marstuy OA (**Exhibit K**) at page 3, definition of "Manager".

14. At the time of the First Closing, 3 Spec Investors LLC was an entity managed by 613 Summit Corp. See Operating Agreement of 3 Spec Investors LLC annexed hereto as **Exhibit L**. Bernard M. Cirota provided $1,000,000 of the $1,610,000 in consideration required for the First Closing and was the majority investor in 3 Spec Investors LLC. See signature page and appendix to document relating to First Closing annexed hereto as **Exhibit M**. None of the Defendants ever owned an interest in 3 Spec Investors LLC.

15. The sole shareholders in 613 Summit Corp. were always (a) Tzviki Ben David and (b) Aaron Harow. See Shareholder Agreement of 613 Summit Corp. annexed hereto as **Exhibit N**.

16. At the time of the First Closing, the members of EHNY LLC were Scott Kushnick and Dafna. See Operating Agreement of 180 Marstuy LLC (**Exhibit K**) at page 3, definition of "Manager".

17. On June 14, 2017, due to the failure of the projects to achieve their intended goals, the members of 180 Marstuy LLC executed a First Amendment of Limited Liability Company Operating Agreement of 180 Marstuy LLC annexed hereto as **Exhibit O**, whereby (a) Scott Kushnick resigned as manager of 180 Marstuy LLC, (b) Dafna and Yehuda D. Povarsky were appointed co-managers of 180 Marstuy LLC, (c) 613 Summit Corp. sold its interest in 180 Marstuy LLC to Bernard M. Cirota, and (d) 613 Summit Corp. resigned from any managerial role that it had in 180 Marstuy LLC (the "Second Closing").

18. During the Second Closing, 613 Summit Corp. also resigned as manager for 3 Spec Investors LLC pursuant to a letter agreement dated June 14, 2017, whereupon Bernard M.

Cirota and Yehuda D. Povarsky were appointed manager of 3 Spec Investors LLC, which letter agreement is annexed hereto as **Exhibit P**. This resignation was further effectuated pursuant to a Resignation of Manager Agreement dated June 14, 2017 annexed hereto as **Exhibit Q**. A copy of Dafna's driver's license which was presented at the Second Closing is annexed hereto as **Exhibit R**.

19. On August 8, 2017, in order to protect the interests of 3 Spec Investors LLC against Dafna, Yehuda D. Povarsky executed a negative covenant to be recorded against the Premises (the "Negative Covenant"). The Negative Covenant was recorded in the Kings County Register's Office on August 11, 2017 as CRFN # 2017000299634. See Negative Covenant annexed hereto as **Exhibit S**.

20. On May 3, 2018, the managers and members of 180 Marstuy LLC executed a Second Amendment of Limited Liability Company Operating Agreement of 180 Marstuy LLC annexed hereto as **Exhibit T** (the "Second Amendment"), in which (a) Dafna resigned as a manager of 180 Marstuy LLC, (b) Dafna assigned all of his interests in 180 Marstuy LLC to 3 Spec Investors LLC, (c) Dafna agreed that he had no further rights in 180 Marstuy LLC, (d) Yehuda D. Povarsky was appointed as the manager of 180 Marstuy LLC, (e) EHNY LLC sold all of its membership interest in 180 Marstuy LLC to 3 Spec Investors LLC, (f) EHNY LLC assigned all of its interest in 180 Marstuy LLC to 3 Spec Investors LLC and (g) EHNY LLC resigned any interests that it may have in 180 Marstuy LLC.

21. In addition to the Second Amendment, in a document named Resignation of Manager Agreement, Dafna resigned as a manager of 180 Marstuy LLC. See Resignation of Manager Agreement annexed hereto as **Exhibit U**. On May 3, 2018, EHNY LLC executed an Assignment of Membership Interest in which EHNY LLC assigned all of its rights and interest in

180 Marstuy LLC to 3 Spec Investors LLC. See Assignment of Membership Interest annexed hereto as **Exhibit V**.

22. As of May 3, 2018, the entire interest of 120 MG was owned by 180 Marstuy LLC, and the entire interest of 180 Marstuy LLC was owned by 3 Spec Investors LLC with Yehuda D. Povarsky as manager of 180 Marstuy LLC and Yehuda D. Povarsky and Bernard M. Cirota as the manager of 3 Spec Investors LLC. As demonstrated by the documents annexed, as of May 3, 2018, none of the Defendants had any interest in 120 MG or 180 Marstuy LLC.

23. To conclude, none of the Defendants had an interest in the Premises or 120 MG as of the date that the Indictment was filed. The lien placed by the United States of America is negatively impacting 120 MG's ability to manage or otherwise sell or dispose of the Premises. As such, the United States of America should release its claim as against the Premises and 120 MG in its entirety.

24. After emailing Plaintiff's counsel on numerous occasions to determine whether the October 29 Letter was sufficient to get Plaintiff to remove any liens against the Premises, Plaintiff's counsel and this office had a further conversation on or about November 29, 2019, whereupon Plaintiff's counsel sought further proof that the defendants did not own the Premises.

25. Pursuant to a letter dated December 3, 2019, this office mailed Plaintiff's counsel a further responsive letter, annexed hereto as **Exhibit W** (sans exhibits) (the "December 3 Letter"), further demonstrating that the defendants to this action did not have an ownership interest in the Premises.

26. In the December 3 Letter, 120 MG further demonstrated that the Defendants did not own the Premises or 120 MG as of the date that the Indictment was filed.

27. In short, the United States of America requested further proof that Tomer Dafna received consideration when he sold his entire 100% membership interest in the LLC to 180 Marstuy LLC and subsequently sold any interest that he had in the LLC.

28. As set forth in the October 29 Letter, on June 9, 2015, a closing that took place whereby Dafna sold his entire 100% membership interest in the LLC to 180 Marstuy LLC (the "First Closing"). At the First Closing, the sum of $1,030,000 had to be delivered to Dafna, as set forth in the 3 Spec Deal Closing Statement (the "Deal Sheet") annexed hereto as **Exhibit Y**. An additional $580,000.00 was to be wired in order to complete construction on the properties. See Deal Sheet at page 9 under Notes. The Deal Sheet shows that $1,030,000 was wired into the JP Morgan Chase Attorney IOLTA account of Law Offices of Michael E. Herskowitz, Esq. (the "Herskowitz Escrow Account") and that those funds were then wired to EHNY LLC, Tomer Dafna's limited liability company on five dates: (a) April 29, 2015 - $250,000; (b) April 30, 2015 - $250,000; (c) May 5, 2015- $250,000; (d) May 13, 2015- $80,000 and (e) May 29, 2015- $200,000. The LLC obtained the account statement balances for the Herskowitz Escrow Account for the months of March 2015 through and including July 2015 which are annexed hereto as **Exhibit Z** (the "Bank Statements").

29. The Bank Statements show the following transfers from the Herskowitz Escrow Account to EHNY LLC's bank account ending in 5211 on: (a) April 29, 2015 for the sum of $250,000; (b) April 30, 2015 for the sum of $250,000 (and it specifically references "3 Spec Deal" in the wire confirmation to Exclusive Home NY Management LLC a/k/a EHNY LLC's bank account; (c) May 5, 2015 for the sum of $250,000, and (d) May 13, 2015 in the sum of $280,000 (which accounts for both the May 13, 2015 and the May 29, 2015 transfers reflected in the Deal Sheet). This demonstrates that the consideration of $1,030,000 was paid to Dafna through EHNY

LLC as set forth in the Deal Sheet.

30. The Law Offices of Michael E. Herskowitz, Esq. obtained the $1,030,000 that was used for the First Closing, as well as the additional $580,000 that was wired into the Herskowitz Escrow Account from the investors in 3 Spec Investors LLC (the "Investors"). The investor chart for 3 Spec Investors LLC is annexed hereto as **Exhibit AA** (the "Investor Chart"). The Investor Chart gives the (a) names of the investor, (b) the amount invested and (c) the date that the wire was received by the Law Offices of Michael E. Herskowitz, Esq. Pursuant to the Investor Chart, the total amount invested in 3 Spec Investors LLC was $1,611,433, which was to be used to fund the purchase of Dafna's 100% membership interest in the LLC by 180 Marstuy LLC as referenced in the Deal Sheet.

31. The Investors wired funds directly into the Herskowitz Escrow Account from March 30, 2015 through July 10, 2015. We have been able to directly account for deposits of approximately $1,536,434 of the $1,610,000 that was deposited into the Herskowitz Escrow Account through reviewing the Bank Statements for the Herskowitz Escrow Account for the months of March 2015 through and including July 2015. See **Exhibit Z**. [The wires/deposits made in the Escrow Account have been marked in red. The LLC does not have access to the actual deposit slips, only to the dates that the deposits were made into the Herskowitz Escrow Account.]

32. It is the LLC's assumption that the other funds (about $80,000.00) were included in check deposits made into the Herskowitz Escrow Account with other checks of different amounts or that the other funds or may have been wired into the Herskowitz Escrow Account with funds for other projects, which makes it difficult to directly account for those amounts.

33. To conclude, it is clear that Dafna received significant consideration for the

sale of his interest in 120 MG on June 9, 2015 and that those funds were wired directly from the investors in 3 Spec Investors LLC to the Herskowitz Escrow Account and then to Tomer Dafna's bank account under the name of EHNY LLC. As such, as of the date that the Indictment was filed, Dafna did not have any interest in 120 MG or the Premises. Therefore, 120 MG hereby requests that the United States of America issue a writing stating that it agrees that it will not seek to impose any lien against and that it does not maintain an interest with respect to the Premises or 120 MG.

34. Although 120 MG sent Plaintiff's counsel the letters, Plaintiff's counsel never removed the notice of pendency from the Premises and never asked for any further documentation from 120 Marcus.

35. 120 Marcus has completed construction on the Premises and has recently obtained authorization from the New York Attorney General to sell the Premises as three condominium units.

36. Due to the lien placed by Plaintiff on the Premises, 120 Marcus is unable to sell the condominium units. This action is causing and has caused 120 Marcus thousands of dollars of loss of loss.

SIGNATURE PAGE TO FOLLOW

Therefore, 120 MG respectfully requests that 120 MG's motion be granted and that 120 MG obtain an order:

a. pursuant to CPLR § 6501 and CPLR § 6514, cancelling the lis pendens filed against the premises known as and by the street address 120 Marcus Garvey Boulevard, Brooklyn, New York 11206 (Block 1769, Lot 44) and

b. granting 120 MG costs and expenses occasioned by the filing and cancellation of the notice of pendency against 120 Marcus Garvey Boulevard, Brooklyn, New York 11206 (Block 1769, Lot 44), and

c. for such other and further relief in favor of 120 MG as the court deems to be just and proper.

120 Marcus Garvey LLC

_____
By: Yehuda D. Povarsky
Its: Member

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS     )

On the 8th day of September in the year 2022 before me, the undersigned, personally appeared Yehuda D. Povarsky, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Queens, State of New York.

Notary Signature

CHARLES D. HARKINS
NOTARY PUBLIC, STATE OF NEW YORK
Registration Number # 01HA6217145
Qualified in Queens County
Commission Expires Feb. 08, 2026