**Law Offices of Alan J. Waintraub PLLC**
125-10 Queens Blvd., Suite 311
Kew Gardens, New York 11415
Phone: 718-504-5700
Fax: 718-504-5710

October 29, 2019

**Via Federal Express**

Assistant United States Attorney
U.S. Attorney's Office – Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY  11201
Attn: Tanisha R. Payne, Esq.

      **Re:**    **United States of America v. Aronov et. al.**
      **Cr. No.:**    **408/2019**
      **Property Address:**    **120 Marcus Garvey Blvd., Brooklyn, New York 11206**

Dear Ms. Payne,

    This office represents 120 Marcus Garvey LLC, the holder and owner of the above referenced real property known as and by the street address as 120 Marcus Garvey Blvd., Brooklyn, New York 11206 (Kings County Block 1769, Lot 44) (the "Premises"). The purpose of this letter response is to demonstrate that none of the defendants in the above referenced indictment (the "Defendants") filed in the United States District Court, Eastern District of New York in Cr. No. 408/2019 (the "Indictment"), including, but not limited to defendant, Tomer Dafna ("Dafna"), has an ownership interest in 120 Marcus Garvey LLC or the Premises as of the date that the Indictment was filed, and, as such, that the United States of America, the plaintiff in the Indictment, should release any and all liens that it maintains against 120 Marcus Garvey LLC or the Premises.

    In order to demonstrate that the Defendants do not have an ownership interest in the 120 Marcus Garvey LLC or Premises, we will present the documents relating to the ownership history in the Premises chronologically. To further assist with this explanation, we have annexed the ACRIS filings with respect to the Premises hereto as **Exhibit A.**

    On or about August 4, 2014, 120 Marcus Garvey LLC purchased the Premises pursuant to a deed issued from Aracellis Garcia, which deed was recorded in the Kings County Register's Office on September 3, 2014 as CRFN # 2014000293402 and is annexed hereto as **Exhibit B**. The sole owner of 120 Marcus Garvey LLC on August 4, 2014, was Dafna pursuant to an operating agreement dated July 15, 2014 annexed hereto as **Exhibit C.**

On June 9, 2015, a closing that took place whereby Dafna sold his entire 100% membership interest in 120 Marcus Garvey LLC to 180 Marstuy LLC pursuant to an Assignment and Assumption of Membership Interests of 120 Marcus Garvey LLC (the "Assignment of 120 MG") annexed hereto as **Exhibit D**. The Assignment of 120 MG was recorded against the Premises on August 18, 2015, in the Kings County Register as CRFN # 2015000287134. See **Exhibit A**. Dafna also executed a document named Canceling Prior Membership Agreement and Resignation of 120 Marcus Garvey LLC annexed hereto as **Exhibit E**, where Dafna resigned as managing member of 120 Marcus Garvey LLC. These documents were executed as a part of a comprehensive closing consisting of three different properties which were purchased by an entity known as 3 Spec Investors LLC, which was a 90% member of 180 Marstuy LLC (see below) (the "First Closing"). The closing statement relating to the First Closing is annexed hereto as **Exhibit F**, whereby consideration for the transaction is shown (the "Closing Statement"). See pages 8-9 of the Closing Statement (**Exhibit F**). A new operating agreement for 120 Marcus Garvey LLC was not executed at the First Closing, and the Assignment of 120 MG (**Exhibit D**) was to be considered the new operating agreement for 120 Marcus Garvey LLC at the conclusion of the First Closing.

At the time of the First Closing, 180 Marstuy LLC was an entity that was owned by (a) 3 Spec Investors LLC as to a 90% membership interest and (b) Exclusive Homes NY LLC referred to in the documents also as "EHNY LLC" (this entity is hereinafter known as "EHNY LLC") as to a 10% membership interest. See Operating Agreement of 180 Marstuy LLC dated June 9, 2015 annexed hereto as **Exhibit G** ("180 Marstuy OA"). As set forth in the 180 Marstuy OA, the original managers of 180 Marstuy LLC were Scott Kushnick and Dafna. See 180 Marstuy OA (**Exhibit G**) at page 3, definition of "Manager".

At the time of the First Closing, 3 Spec Investors LLC was an entity managed by 613 Summit Corp. See Operating Agreement of 3 Spec Investors LLC annexed hereto as **Exhibit H**. Bernard M. Cirota provided $1,000,000 of the $1,610,000 in consideration required for the First Closing and was the majority investor in 3 Spec Investors LLC. See signature page and appendix to document relating to First Closing annexed hereto as **Exhibit I**. None of the Defendants ever owned an interest in 3 Spec Investors LLC.

The sole shareholders in 613 Summit Corp. were always (a) Tzviki Ben David and (b) Aaron Harow. See Shareholder Agreement of 613 Summit Corp. annexed hereto as **Exhibit J**.

At the time of the First Closing, the members of EHNY LLC were Scott Kushnick and Dafna. See Operating Agreement of 180 Marstuy LLC (**Exhibit G**) at page 3, definition of "Manager".

On June 14, 2017, due to the failure of the projects to achieve their intended goals, the members of 180 Marstuy LLC executed a First Amendment of Limited Liability Company Operating Agreement of 180 Marstuy LLC annexed hereto as **Exhibit K**, whereby (a) Scott Kushnick resigned as manager of 180 Marstuy LLC, (b) Dafna and Yehuda D. Povarsky were appointed co-managers of 180 Marstuy LLC, (c) 613 Summit Corp. sold its interest in 180 Marstuy

LLC to Bernard M. Cirota, and (d) 613 Summit Corp. resigned from any managerial role that it had in 180 Marstuy LLC (the "Second Closing").

During the Second Closing, 613 Summit Corp. also resigned as manager for 3 Spec Investors LLC pursuant to a letter agreement dated June 14, 2017, whereupon Bernard M. Cirota and Yehuda D. Povarsky were appointed manager of 3 Spec Investors LLC, which letter agreement is annexed hereto as **Exhibit L**. This resignation was further effectuated pursuant to a Resignation of Manager Agreement dated June 14, 2017 annexed hereto as **Exhibit M**. A copy of Dafna's driver's license which was presented at the Second Closing is annexed hereto as **Exhibit N**.

On August 8, 2017, in order to protect the interests of 3 Spec Investors LLC against Dafna, Yehuda D. Povarsky executed a negative covenant to be recorded against the Premises (the "Negative Covenant"). The Negative Covenant was recorded in the Kings County Register's Office on August 11, 2017 as CRFN # 2017000299634. See Negative Covenant annexed hereto as **Exhibit O**.

On May 3, 2018, the managers and members of 180 Marstuy LLC executed a Second Amendment of Limited Liability Company Operating Agreement of 180 Marstuy LLC annexed hereto as **Exhibit P** (the "Second Amendment"), in which (a) Dafna resigned as a manager of 180 Marstuy LLC, (b) Dafna assigned all of his interests in 180 Marstuy LLC to 3 Spec Investors LLC, (c) Dafna agreed that he had no further rights in 180 Marstuy LLC, (d) Yehuda D. Povarsky was appointed as the manager of 180 Marstuy LLC, (e) EHNY LLC sold all of its membership interest in 180 Marstuy LLC to 3 Spec Investors LLC, (f) EHNY LLC assigned all of its interest in 180 Marstuy LLC to 3 Spec Investors LLC and (g) EHNY LLC resigned any interests that it may have in 180 Marstuy LLC.

In addition to the Second Amendment, in a document named Resignation of Manager Agreement, Dafna resigned as a manager of 180 Marstuy LLC. See Resignation of Manager Agreement annexed hereto as **Exhibit Q**. On May 3, 2018, EHNY LLC executed an Assignment of Membership Interest in which EHNY LLC assigned all of its rights and interest in 180 Marstuy LLC to 3 Spec Investors LLC. See Assignment of Membership Interest annexed hereto as **Exhibit R**.

As of May 3, 2018, the entire interest of 120 Marcus Garvey LLC was owned by 180 Marstuy LLC, and the entire interest of 180 Marstuy LLC was owned by 3 Spec Investors LLC with Yehuda D. Povarsky as manager of 180 Marstuy LLC and Yehuda D. Povarsky and Bernard M. Cirota as the manager of 3 Spec Investors LLC. As demonstrated by the documents annexed, as of May 3, 2018, none of the Defendants had any interest in 120 Marcus Garvey LLC or 180 Marstuy LLC.

To conclude, none of the Defendants had an interest in the Premises or 120 Marcus Garvey LLC as of the date that the Indictment was filed. The lien placed by the United States of America is negatively impacting 120 Marcus Garvey LLC's ability to manage or otherwise sell or dispose

of the Premises. As such, the United States of America should release its claim as against the Premises and 120 Marcus Garvey LLC in its entirety.

Please feel free to contact this office with any further questions or concerns relating to the Complaint.

Respectfully yours,
LAW OFFICES OF ALAN J. WAINTRAUB PLLC

By: *Alan Waintraub*

Alan J. Waintraub, Esq.

**Encl.**