## ASSIGNMENT AND ASSUMPTION
## OF MEMBERSHIP INTERESTS
### (120 Marcus Garvey LLC)

THIS ASSIGNMENT AND ASSUMPTION OF MEMBERSHIP INTERESTS (the "Assignment") is dated as of ~~May~~ June 9, 2015, by and among **TOMER DAFNA** ("Assignor") and **180 MARSTUY LLC** ("Assignee"), a New York Limited Liability Company, with an address at 914 Bedford Avenue, Brooklyn, New York, recites and provides as follows.

### RECITALS

WHEREAS, the Assignor is the owner of one hundred percent (100%) of the membership interests in **120 MARCUS GARVEY LLC** (the "LLC");

WHEREAS, the Assignor proposes to grant, convey, assign, and transfer to Assignee one hundred percent (100%) of his membership interest in the LLC (the "Assigned Interest") by the execution and delivery of this Assignment. The Assignor now wishes to assign and transfer to the Assignee all of the Assignor's right, title and interest in and to the Assigned Interest.

NOW, THEREFORE, in order to implement the foregoing and in consideration of the mutual agreements contained herein, the parties hereby agree as follows:

### ASSIGNMENT AND ASSUMPTION AGREEMENT

1. Assignment and Assumption of Membership Interests:

    a. Subject to the terms and conditions hereinafter set forth, the Assignor agrees to grant, convey, assign and transfer its Assigned Interest in the LLC to Assignee for the sum of six hundred and twenty-five thousand dollars ($625,000.00) and other good and valuable consideration.

    b. The closing (the "Closing") of the assignment of Assignor's Assigned Interest shall be deemed effective as of the date first set forth above. At Closing, the parties hereto shall execute and deliver this Agreement and the Assignee shall pay the amount set forth in paragraph 1.a. above.

    c. Assignor hereby represents to Assignee that the operating agreement of the LLC (the "Operating Agreement") and other documents attached hereto as Exhibit A, and made a part hereof, are all of the documents related to the Assigned Interests being conveyed by this Assignment, and that Assignor has, pursuant to the terms of the Assignment, provided Assignee originals and/or true and correct copies of each.

    d. Pursuant to this Assignment, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby absolutely and unconditionally grants, conveys, assigns, and transfers to Assignee the Assigned Interest. The Assignor hereby accepts the foregoing assignment of such Assigned Interests and hereby assumes and agrees to be bound by all of the duties, obligations and liabilities of Assignor with respect to such Assigned Interests that arise out of or relate to events occurring on or after the execution of this Assignment.

2. Admission and Withdrawal:

    a. By reason of this Assignment effected pursuant to Paragraph 1 above, (i) the Assignee is hereby admitted as the sole member of the LLC, and upon such admission, the Assignee shall be the manager of the LLC in accordance with the terms of the Operating Agreement; (ii) the Assignee hereby agrees, from and after the execution of this Assignment to be bound by the terms of the Operating Agreement, and the Assignee hereby ratifies and affirms such Assignment; (iii) the Assignee is hereby entitled to exercise all rights, powers and privileges and is hereby obligated to perform all of the post-execution date obligations which may hereinafter exist, with respect to the Assigned Interests; (iv) Assignor hereby fully and completely withdraws as the member of the LLC; and (v) Assignor shall not have any further rights, powers, privileges, duties, obligations and/or liabilities with respect to the Assigned Interests, except as may be specifically set forth in the Assignment.

    b. Assignor acknowledges and agrees that all actual operations of the LLC through and including the date of full execution of this Assignment by Assignor and Assignee shall be allocated to the Assignor in accordance with the terms of the Operating Agreement.

3. <u>Representations and Warranties of the Assignor</u>: Assignor represents and warrants to the Assignee as follows.

    a. Assignor is the record and beneficial owner of the Assigned Interest. Assignor has good and marketable title to the Assigned Interest. Assignor has full legal right and authority to sell, assign and transfer the Assigned Interest pursuant to this Assignment, free and clear of any and all liens, encumbrances and claims of any kind.

    b. The execution, delivery and performance by Assignor of this Agreement and the assignment of the Assignor's Assigned Interest requires no authorization, consent, approval or action by or in respect of, or filings with, any governmental body, agency or official or other person and do no contravene, or constitute a default under any provision of applicable law or regulation or of any agreement, judgment, order, decree or other instrument binding upon the Assignor or Assignor's Assigned Interest.

    c. Assignor's Assigned Interest being assigned by Assignor to Assignee is free and clear of all liens, pledges, mortgages, charges, security interests or encumbrances of any kind.

    d. Assignor's Assigned Interest is uncertificated and no membership certificate has been received by the Assignor.

    e. There are no agreements or other arrangements with respect to the transferability of the Assigned Interest other than as expressly set forth in this Assignment.

    f. There is no suit, action or litigation, administrative, arbitration or the other proceeding or governmental investigation pending or, to the knowledge of Assignee, threated which might, severally or in the aggregate, materially and adversely affect the financial condition or prospects of the Assignee or Assignee's ability to buy the Assigned Interest.

4. <u>Survival of Representations</u>. The warranties, representations, covenants and agreements of the parties contained in this Assignment shall survive the consummation of the transactions contemplated hereby.

5. <u>Valid and Binding Obligation</u>: This Assignment and the agreements executed in connection herewith have been duly executed and delivered by Assignor and constitute the valid and

legally binding obligations of Assignor, enforceable in accordance with their terms against Assignor, subject to laws of general application relating to bankruptcy, insolvency and the relief of debtors, and subject to general principles of equity, public policy and equitable and judicial discretion. No consent or approval of any federal, state or local authority is required. No consent, approval, or authorization of or designation, declaration or filing with any governmental authority or other persons or entities on the part of the Assignor is required in connection with the execution or delivery of this Assignment or the consummation of the transactions contemplated hereby.

6. <u>Indemnification by Assignor</u>: Assignor shall indemnify Assignee and hold Assignee harmless against and in respect of any of the following: (i) Any and all liabilities and obligations of, or claims against, Assignee arising out of the acts or omissions of the LLC before the date hereof; (ii) Any and all damages or deficiency resulting from any misrepresentation, breach of warranty or failure of any obligation on the part of Assignor under this Assignment or from any misrepresentation in or omission from any Exhibit, Schedule, certificate, agreement or other document furnished to Assignee hereunder; and (iii) All demands, assessments, judgments, cost and reasonable legal and other expenses arising from or in connection with any action suit, proceeding or claim incident to any of the foregoing. Should any claims be made with respect to any matter to which the indemnity under this paragraph relate, the Assignee shall, after receiving written notice of such claim (or in the case of income tax liabilities, after receiving notice of an audit), promptly give the Assignor written notice of any such claim, and the Assignor shall thereafter defend or settle any such claim, at his or its own choosing, reasonably acceptable to the Assignee. In such defense or settlement, the Assignee shall cooperate with and assist the Assignor to the maximum extent possible (at Assignor's expense) and may participate therein at its own expense. The remedies provided herein shall be cumulative and shall not preclude the assertion by one party of any other rights or the seeking of any other remedies against another party.

7. <u>Severability</u>: If any provision of this Assignment or the application of any such provision to any party or circumstances shall be determined by any court of competent jurisdiction to be invalid and unenforceable to any extent, the remainder of this Assignment or the application

of such provision to such person or circumstances other than those to which it is so determined to be invalid and unenforceable shall not be affected thereby, and each provision hereof shall be validated and shall be enforced to the fullest extent permitted by law.

8. Applicable Law: This Assignment shall be governed by and construed and interpreted in accordance with the laws of the state of New York and the undersigned agree that the execution of this Assignment and the performances of its obligations hereunder shall be subject to the personal jurisdiction of the State and Federal Courts in the State of New York with respect to any action by Assignor and Assignee. Accordingly, the undersigned hereby specifically and irrevocably consent to the exclusive jurisdiction of such Courts in the State of New York with respect to all matters concerning this Agreement of Sale, or the enforcement thereof.

9. Waivers and Notices: Any failure by any part to this Assignment to comply with any of its obligations, agreements or covenants hereunder may be waived by the Assignor in the case of a default by the Assignee, and by the Assignee in case of a default by the Assignor. All waivers under this Assignment and all notices, consents, demands, requests, approvals and other communications which are required or may be given hereunder shall be in writing and shall be deemed to have been duly given if hand delivered or mailed certified first class mail, postage prepaid to the other party or to such other person or persons at such address or addresses as many be designated by written notice to the other parties hereunder.

10. Entire Agreement: This Assignment, together with the other writings delivered in connection herewith, embodies the entire agreement and the understanding of the parties hereto and supersedes any prior agreement or understanding between the parties. This Assignment cannot be amended or terminated orally, but only by a writing duly executed by the parties.

11. Counterparts: This Assignment may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same document.

12. Headings: Headings of the paragraphs in this Assignment are for reference purposes only and shall not be deemed to have any substantive effect.

13. <u>Binding Effect, Benefits</u>: This Assignment shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, administrators, executors, successors and assigns; provided, however, that nothing in this Assignment shall be construed to confer any rights, remedies, obligations or liabilities on any person other than the parties hereto or its respective successors and assigns.

14. <u>Current Ownership</u>. As a result of this Assignment, effective as of the date hereof, Assignor shall no longer be a Member of the LLC. The LCC shall be owned 100% by 180 Marstuy LLC.

**IN WITNESS WHEREOF**, the parties have executed this Assignment as of the date first written above.

_____        _____
TOMER DAFNA                              180 MARSTUY LLC
                                         By: Tomer DAFNA

Affirmed to me this _8_                  Affirmed to me this _9_

Day of June, 2015                        Day of June, 2015

_____         _____
Notary Public                            Notary Public

MICHAEL A. LEHRMAN                       MICHAEL A. LEHRMAN
NOTARY PUBLIC, State of New York         NOTARY PUBLIC, State of New York
No. 02LE6297275                          No. 02LE6297275
Qualified in New York County             Qualified in New York County
Commission Expires Feb. 18, 2018         Commission Expires Feb. 18, 2018