**Law Offices of Alan J. Waintraub PLLC**
125-10 Queens Blvd., Suite 311
Kew Gardens, New York 11415
Phone: 718-504-5700
Fax: 718-504-5710

December 3, 2019

**Via Federal Express**

Assistant United States Attorney
U.S. Attorney's Office – Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY  11201
Attn: Tanisha R. Payne, Esq.

    **Re:**    **United States of America v. Aronov et. al.**
    **Cr. No.:**    **408/2019**
    **Property Address:**    **120 Marcus Garvey Blvd., Brooklyn, New York 11206**

Dear Ms. Payne,

    This office represents 120 Marcus Garvey LLC (the "LLC"), the holder and owner of the above referenced real property known as and by the street address as 120 Marcus Garvey Blvd., Brooklyn, New York 11206 (Kings County Block 1769, Lot 44) (the "Premises"). The purpose of this letter response is to supplement the letter dated October 29, 2019, in which the LLC demonstrated that none of the defendants in the above referenced indictment (the "Defendants") filed in the United States District Court, Eastern District of New York in Cr. No. 408/2019 (the "Indictment"), including, but not limited to defendant, Tomer Dafna ("Dafna"), has an ownership interest in the LLC or the Premises as of the date that the Indictment was filed, and, as such, that the United States of America, the plaintiff in the Indictment, should agree not to record any and all liens against the LLC or the Premises.

    Pursuant to our phone conversation of two weeks ago, the United States of America requested further proof that Tomer Dafna received consideration when he sold his entire 100% membership interest in the LLC to 180 Marstuy LLC and subsequently sold any interest that he had in the LLC.

    As set forth in the previous letter, on June 9, 2015, a closing that took place whereby Dafna sold his entire 100% membership interest in the LLC to 180 Marstuy LLC (the "First Closing"). At the First Closing, the sum of $1,030,000 had to be delivered to Dafna, as set forth in the 3 Spec Deal Closing Statement (the "Deal Sheet") annexed hereto as **Exhibit A**. An additional $580,000.00 was to be wired in order to complete construction on the properties. See Deal Sheet

at page 9 under Notes. The Deal Sheet shows that $1,030,000 was wired into the JP Morgan Chase Attorney IOLTA account of Law Offices of Michael E. Herskowitz, Esq. (the "Herskowitz Escrow Account") and that those funds were then wired to EHNY LLC, Tomer Dafna's limited liability company on five dates: (a) April 29, 2015 - $250,000; (b) April 30, 2015 - $250,000; (c) May 5, 2015- $250,000; (d) May 13, 2015- $80,000 and (e) May 29, 2015- $200,000. The LLC obtained the account statement balances for the Herskowitz Escrow Account for the months of March 2015 through and including July 2015 which are annexed hereto as **Exhibit B** (the "Bank Statements"). The Bank Statements show the following transfers from the Herskowitz Escrow Account to EHNY LLC's bank account ending in 5211 on: (a) April 29, 2015 for the sum of $250,000; (b) April 30, 2015 for the sum of $250,000 (and it specifically references "3 Spec Deal" in the wire confirmation to Exclusive Home NY Management LLC a/k/a EHNY LLC's bank account; (c) May 5, 2015 for the sum of $250,000, and (d) May 13, 2015 in the sum of $280,000 (which accounts for both the May 13, 2015 and the May 29, 2015 transfers reflected in the Deal Sheet). This demonstrates that the consideration of $1,030,000 was paid to Dafna through EHNY LLC as set forth in the Deal Sheet.

The Law Offices of Michael E. Herskowitz, Esq. obtained the $1,030,000 that was used for the First Closing, as well as the additional $580,000 that was wired into the Herskowitz Escrow Account from the investors in 3 Spec Investors LLC (the "Investors"). The investor chart for 3 Spec Investors LLC is annexed hereto as **Exhibit C** (the "Investor Chart"). The Investor Chart gives the (a) names of the investor, (b) the amount invested and (c) the date that the wire was received by the Law Offices of Michael E. Herskowitz, Esq. Pursuant to the Investor Chart, the total amount invested in 3 Spec Investors LLC was $1,611,433, which was to be used to fund the purchase of Dafna's 100% membership interest in the LLC by 180 Marstuy LLC as referenced in the Deal Sheet.

The Investors wired funds directly into the Herskowitz Escrow Account from March 30, 2015 through July 10, 2015. We have been able to directly account for deposits of approximately $1,536,434 of the $1,610,000 that was deposited into the Herskowitz Escrow Account through reviewing the Bank Statements for the Herskowitz Escrow Account for the months of March 2015 through and including July 2015. See **Exhibit B**. [The wires/deposits made in the Escrow Account have been marked in red. The LLC does not have access to the actual deposit slips, only to the dates that the deposits were made into the Herskowitz Escrow Account.] It is the LLC's assumption that the other funds (about $80,000.00) were included in check deposits made into the Herskowitz Escrow Account with other checks of different amounts or that the other funds or may have been wired into the Herskowitz Escrow Account with funds for other projects, which makes it difficult to directly account for those amounts.

To conclude, it is clear that Dafna received significant consideration for the sale of his interest in 120 Marcus Garvey LLC on June 9, 2015 and that those funds were wired directly from the investors in 3 Spec Investors LLC to the Herskowitz Escrow Account and then to Tomer Dafna's bank account under the name of EHNY LLC. As such, as of the date that the Indictment was filed, Dafna did not have any interest in 120 Marcus Garvey LLC or the Premises. Therefore,

120 Marcus Garvey LLC hereby requests that the United States of America issue a writing stating that it agrees that it will not seek to impose any lien against and that it does not maintain an interest with respect to the Premises or 120 Marcus Garvey LLC.

Please feel free to contact this office with any further questions or concerns relating to the Complaint.

Respectfully yours,
LAW OFFICES OF ALAN J. WAINTRAUB PLLC

By: *Alan W*

Alan J. Waintraub, Esq.

**Encl.**