UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

                      Plaintiff,

      -against-

ISKYO ARONOV, MICHAEL KONSTANTINOVSKIY, TOMER DAFNA, AVRAHAM TARSHISH, and MICHAEL HERSKOWITZ,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

19-CR-408

AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE

      Alan J. Waintraub, pursuant to New York Civil Practice Laws and Rules ("CPLR") §2106, and under the penalties of perjury, affirms as follows:

    1.    I am a member of the Law Offices of Alan J. Waintraub PLLC, the attorneys for non-party movant, Albany Avenue Partners LLC ("Albany Avenue Partners"). As such, I am fully familiar with the facts and circumstances herein.

    2.    I make this affirmation in support of Albany Avenue Partners' motion, brought by order to show cause, for an order:

      a.  pursuant to the New York Civil Practice Laws and Rules ("CPLR") § 6501 and CPLR § 6514, cancelling the lis pendens filed against the premises known as and by the street address 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54) and

      b.  granting Albany Avenue Partners costs and expenses occasioned by the filing and cancellation of the notice of pendency against 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54) (the "Premises"), and

      c.  for such other and further relief in favor of Albany Avenue Partners as the court deems to be just and proper.

    3.    The Court is respectfully directed to the affidavit of Stanley Waintraub, member of Albany Avenue Partners, which is presented in support the subject motion.

## BACKGROUND

4. The indictment that precipitated this action was duly filed on September 6, 2019 and is annexed hereto as **Exhibit A**.

5. The notice of pendency of action against the Premises was unavailable to Albany Avenue Partners, but proof of such notice of pendency is annexed hereto as **Exhibit B**.

6. Plaintiff, United States of America ("Plaintiff"), never named or served Albany Avenue Partners in this action even though Plaintiff seems to be trying to claim title to the Premises through this action and has filed a notice of pendency against the Premises that Albany Avenue Partners has a recorded first mortgage position against, and was conducting a pending foreclosure action against, when the Indictment and notice of pendency were filed.

7. On or about May 4, 2022, this office sent Assistant United States Attorney Tanisha R. Payne, Esq., an email, annexed hereto as **Exhibit C** (sans exhibits), in which Albany Avenue Partners demonstrates that it has completed a Foreclosure Auction against the Premises and that none of the defendants to this action have any equitable or other ownership interest in the Premises (the "Defendants"), and requesting that Plaintiff cancel the notice of pendency as against the Premises (the "May 4 Email").

8. The following exhibits were annexed to the May 4 Email: (a) the Summons and Complaint in the Foreclosure Action (defined below) annexed hereto as **Exhibit D**, (b) the notice of pendency in the Foreclosure Action annexed hereto as **Exhibit E**, (c) the notice of entry of the Judgement of Foreclosure and Sale issued in the Foreclosure Action annexed hereto as **Exhibit F**, and (d) the operating agreement of 769 M LLC, the borrower on the subject note and mortgage, annexed hereto as **Exhibit G**.

9. Plaintiff's counsel confirmed receipt of the May 4 Email by email dated May 19,

2022 and requested further information to support Albany Avenue Partners' position. That email is annexed hereto as **Exhibit H**.

10. This office responded with further documentation in an email dated May 19, 2022 annexed hereto as **Exhibit I**. The terms of sale which were issued at the Foreclosure Auction in the Foreclosure Action was annexed to the May 19, 2022 email and is annexed hereto as **Exhibit J**.

11. After waiting for a response from Plaintiff's counsel for almost a month, on June 13, 2022, Plaintiff's counsel responded by email, annexed hereto as **Exhibit K**, that "we are not prepared to lift the lien at this time. We are in the processing of assessing all of the property subject to forfeiture in this case and I am not in a position to know at this point whether this asset can be removed from the case. My team is actively working on a disposition in the case and I can keep you updated."

12. As set forth in the email correspondence and as further explained below, there is absolutely no reason why Plaintiff should be able to maintain a lien against the Premises after Albany Avenue Partners completed a foreclosure auction against the Premises in the Foreclosure Action.

13. As such, Plaintiff should be ordered to remove the notice of pendency as against the Premises.

## BACKGROUND

14. On or about May 25, 2016, Luis Villafane deeded the Premises to 769 M LLC pursuant to a deed dated May 25, 2016, which deed was recorded on January 16, 2018 in the Office of the Register of the County of Kings in CRFN: 2018000017051 (the "Deed"). See Deed annexed hereto as **Exhibit L**.

15. On or about May 26, 2016, Genesis Capital Master Fund II, LLC made a loan to the defendant, 769 M LLC, in the original principal amount of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars (the "Loan").

16. To evidence its indebtedness under the Loan, on or about May 26, 2016, 769 M LLC executed and delivered to Genesis Capital Master Fund II, LLC a certain mortgage note (the "Note") in the original principal amount of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars. See Note annexed hereto as **Exhibit M**.

17. To secure payment of the Note, on or about May 26, 2016, 769 M LLC duly executed, acknowledged and delivered to Genesis Capital Master Fund II, LLC ("Genesis") a mortgage, as mortgagee, with the same force and effect as set forth therein, in the original principal sum of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars (the "Mortgage"). See Mortgage annexed hereto as **Exhibit N**. In and by the Mortgage, 769 M LLC mortgaged the Premises. The Mortgage was duly recorded in the Office of the City Register of the County of Kings on June 30, 2016 in CRFN: 2016000222783.

18. On or before May 26, 2016, the operating agreement (the "Operating Agreement") was presented to Barristers Title Agency, LLC as a prerequisite for a title insurance policy to be issued. The Operating Agreement demonstrated that there were only two members of 769 M LLC, Scott Kushnick and Avraham Tarshish. See Operating Agreement annexed hereto as **Exhibit G**.

19. The Note was further assigned by Genesis Capital Master Fund II, LLC to Goldman Sachs Bank USA by an allonge firmly affixed to the Note, and the Mortgage was further assigned pursuant to an omnibus assignment of mortgage, dated November 30, 2017, from Genesis Capital Master Fund II, LLC to Goldman Sachs Bank USA (the "Omnibus Assignment"), which Omnibus Assignment was recorded on January 16, 2018 in the Office of the Register of the County of Kings

in CRFN: 2018000017051. See Omnibus Assignment annexed hereto as **Exhibit O**.

20. The Note was further assigned by Goldman Sachs Bank USA to Albany Avenue Partners by an allonge firmly affixed to the Note, and the Mortgage was assigned pursuant to an assignment of mortgage dated July 30, 2018, from Goldman Sachs Bank USA to Albany Avenue Partners (the "Assignment of Mortgage"), which Assignment of Mortgage is intended to be recorded in the Office of the Register of the County of Kings. See Assignment of Mortgage annexed hereto as **Exhibit P**.

21. 769 M LLC failed to comply with the terms, conditions and obligations of the Note and Mortgage, as extended, by failing to submit all sums due and owing on the Note which became immediately due and payable on May 1, 2018 (the "Maturity Date"). See Complaint annexed hereto as **Exhibit D** at ¶ 27.

22. Albany Avenue Partners LLC duly commenced this action by filing the summons and complaint in the Kings County Clerk's Office on August 30, 2018 under index number 517734/2018 (the "Foreclosure Action"). See **Exhibit D**.

23. By Order, dated January 23, 2020, filed on February 6, 2020, the Hon. Larry D. Martin granted Albany Avenue Partners' motion for summary judgment against 769 M LLC and appointed Stephen Barbaro, Esq. as Referee (the "Referee") to compute the amount due to Albany Avenue Partners upon the Note and Mortgage (the "MSJ Order"). See MSJ Order annexed hereto as **Exhibit Q**.

24. By oath and report, dated March 11, 2021, the Referee determined that Albany Avenue Partners is owed $1,005,947.53 with interest through February 14, 2020, which interest continued to accrue through the Foreclosure Auction date. See Referee's Computation Schedule annexed hereto as **Exhibit R**.

25. The Court issued Albany Avenue Partners a judgment of foreclosure and sale pursuant to the order annexed hereto as **Exhibit F** dated September 9, 2021 (the "JFS").

26. Pursuant to the JFS, Albany Avenue Partners scheduled a foreclosure auction of the Premises at a foreclosure auction on March 24, 2022 at 12:00 P.M. as approved by the Supreme Court of the State of New York, Kings County (the "Foreclosure Auction"). At the Foreclosure Auction, Albany Avenue Partners was the successful bidder of the Premises for the sum of One Thousand Dollars as set forth in that certain Terms of Sale annexed hereto as **Exhibit J**.

27. The reason that Albany Avenue Partners was able to purchase the Premises for One Thousand Dollars at the Foreclosure Auction, is due to the fact that Albany Avenue Partners announced an upset bid of One Million Two Hundred Thousand Dollars, **which is significantly less** than the aggregate of the sums due and owing from 769 M LLC to Albany Avenue Partners pursuant to the JFS (which includes accrued interest from February 14, 2020 – the date that the Referee's Oath and Computation was determined to the date of the Foreclosure Auction on March 24, 2022), plus the open property taxes, water, transfer taxes and other liens and costs against the Premises at the time of the Foreclosure Auction.

28. As such, as of the Foreclosure Auction, there was no equity on the Premises for 769 M LLC or its members.

29. Caselaw is clear that after the entry of a judgment of foreclosure and sale, the mortgagor no longer has conveyable title to the real property. SRF Builders Capital Corp. v. Ventura, 224 A.D.2d 678, 679, 639 N.Y.S.2d 59 (2d Dept. 1996) (a purported purchaser of real property is deemed to have no interest in property if the purchaser acquired its interest after the entry of judgment of foreclosure and sale).

30. The right to redeem a property subject to a judgment of foreclosure and sale is

extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered, and once the right to redeem is lost, it cannot be revived, even by court order. Liberty Dabar Associates v. Mohammed, 183 A.D.3d 880 (2d Dept. 2020). See LIC Assets, LLC v. Chriker Realty, LLC, 131 A.D.3d 946 (2d Dept. 2015); Kolkunova v. Guaranteed Home Mortg. Co., Inc., 43 A.D.3d 878, 878 (2d Dept. 2007); Bain595 LLC v. AFEB Holdings LLC, 131 N.Y.S.3d 514 (Sup. Ct. Kings Co. 2020).

31. 769 M LLC lost any title or ownership to the Premises after the Foreclosure Auction was conducted on March 24, 2022 and no Court order can vacate the finality of the Foreclosure Auction. Sakala v. Bank of New York Mellon, 172 A.D.3d 640, 641 (2nd Dept 2019) (citing Dulberg v. Ebenhart, 68 AD2d 323, 327 (1st Dept. 1979)). In the case at bar, the entry of the JFS and the valid sale of the Premises to Albany Avenue Partners at the Foreclosure Auction extinguished 769 M LLC as well as Avraham Tarshish's rights and interest in the Premises.

32. A foreclosure sale of real property extinguishes the interest of each party to the action and "every person claiming from, through or under a party by title accruing after the filing of the notice of the pendency of the action." RPAPL § 1353. Caselaw is also clear that the purchaser at the foreclosure sale acquires a clear and absolute right and title to the real property. See Dorff v. Bornstein, 277 N.Y. 236, 14 N.E.2d 51 (1938) and that any right that 769 M LLC or Avraham Tarshish had to the Premises was foreclosed at the Foreclosure Auction when the Premises was sold to Albany Avenue Partners.

33. Thus, 769 M LLC and Avraham Tarshish's interest in the Premises was extinguished by the JFS and subsequent Foreclosure Auction to Albany Avenue Partners. Albany Avenue Partners title to the Premises should be clear and absolutely free of the notice of pendency filed by Plaintiff in this action as a matter of law.

34. Nevertheless, all of the title companies that Albany Avenue Partners has approached to obtain clear title insurance on the Premises will not insure the Premises to Albany Avenue Partners because of the notice of pendency filed by Plaintiff in this action. They claim that as the Plaintiff has endless resources, the risk of litigating with Plaintiff is not worth issuing the title policy even though the Plaintiff has no rights to the Premises as a matter of law or fact.

35. To such an end, Albany Avenue Partners emailed Plaintiff's counsel to obtain Plaintiff's consent to have Plaintiff remove the notice of pendency against the Premises, which has already been extinguished as a matter of law in the Foreclosure Action after the Foreclosure Auction.

36. Despite Albany Avenue Partners' request, Plaintiff has denied Albany Avenue Partners' request. This motion is the result.

37. To conclude, it is clear that none of the Defendants in this action have any further ownership interest in the Premises due to the completed Foreclosure Auction in the Foreclosure Action as a matter of law.

38. Plaintiff's notice of pendency in the Foreclosure Action was of record when the Indictment was filed and when Plaintiff filed its notice of pendency in this action. As such, Plaintiff had actual knowledge or implied knowledge of the Foreclosure Action, but failed to appear therein.

39. Although Albany Avenue Partners sent Plaintiff's counsel the letters demonstrating that the Defendants in this action do not own the Premises and have no equity in the Premises, Plaintiff's counsel never removed the notice of pendency from the Premises and never asked for any further documentation from Albany Avenue Partners.

40. Albany Avenue Partners is trying to obtain title insurance for the Premises and is requesting that Plaintiff cancel and terminate the notice of pendency as against the Premises.

41. Due to the lien placed by Plaintiff on the Premises, Albany Avenue Partners is unable to obtain title insurance for the Premises. This is causing and has caused Albany Avenue Partners thousands of dollars of losses as property taxes and other liens are placed against the Premises while Plaintiff fails to remove the notice of pendency.

## THE NOTICE OF PENDENCY SHOULD BE CANCELLED

42. CPLR § 6501 states that "[a] notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property". See CPLR § 6501. The Court of Appeals has characterized the notice of pendency as an "extraordinary privilege" because of the ease with which it can be used and "the powerful effect" it has on the alienability of property without any prior judicial review. In re Sakow, 97 N.Y.2d 436, 441, 767 N.E.2d 666, 670 (2002). Thus, "to counterbalance the ease with which a party may hinder another's right to transfer property," the Court has insisted upon strict compliance with the procedural requirements of CPLR Article 65 and has narrowly interpreted the type of action in which a notice of pendency may be used. 5303 Realty Corp. v. O & Y Equity Corp., 64 N.Y.2d 313, 320-21, 476 N.E.2d 276, 281 (1984). Moreover, it is simply improper to use a notice of pendency as a form of attachment. Id.

43. "In entertaining a motion to cancel, the court essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501." 5303 Realty Corp. v. O & Y Equity Corp., supra; Interboro Operating Corp. v. Commonwealth Security & Mtge. Corp., 269 N.Y. 56, 198 N.E. 665 (1935).

44. In the case at bar, the Indictment simply fails to state a single reason as to why Plaintiff should be entitled to keep the notice of pendency pending against the Premises.

45. Plaintiff has not and cannot provide the Court with any evidence that the

Defendants in this action have any legal right to the Premises at this time, and the notice of pendency filed is illegally and improperly making it impossible for Albany Avenue Partners to sell or otherwise transfer the Premises as is its right.

46. It is the settled law of this State, that the privilege of filing a lis pendens may be used **only as a shield for the protection of the bona fide rights of a plaintiff in real property, but that such privilege ceases when the lis pendens is used as a sword against the owner of the realty**. Israelson v. Bradley, 308 N.Y. 511, 516, 127 N.E.2d 313, 315 (1955); 52 A.L.R.2d 1304. As such, Albany Avenue Partners respectfully requests that this Court cancel the notice of pendency filed against the Premises in this action and grant Albany Avenue Partners LLC the costs and expenses occasioned by the filing and cancellation of the notice of pendency against 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54). See 5303 Realty Corp. v. O & Y Eq. Corp., supra.

47. The Courts have ruled that where a plaintiff files a notice of pendency in a case where it is not appropriate pursuant to CPLR § 6501 or 6514(b), the Court may impose costs, expenses and sanctions on the plaintiff pursuant to CPLR § 6514(c). Both the Court of Appeals and other courts have cited CPLR § 6514 as authority for the cancellation of a notice of pendency in such circumstances. See 5303 Realty Corp. v. O & Y Equity Corp., supra; Yonaty v. Glauber, 40 A.D.3d 1193, 834 N.Y.S.2d 744 (3d Dept. 2007); In re Tschernia, 2008, 18 Misc.3d 1129(A), 856 N.Y.S.2d 503. If cancellation for filing a notice in violation of CPLR § 6501 is an implicit ground in CPLR § 6514, then it may be said that the order of cancellation is made under section CPLR § 6514(c), thereby triggering its authorization for an award of costs and expenses. *See* NY CPLR § 6514 (McKinney- Commentary).

48. When CPLR § 6514(c) applies, the recoverable costs and expenses are in addition

to the usual costs to which a winning party may be entitled. They encompass "any costs and expenses occasioned by the filing and cancellation".

49. As the Plaintiff did not remove the notice of pendency after having received the emails from Albany Avenue Partners' counsel, and it having been almost **four months** after the Plaintiff was provided with proof that none of the Defendants in this action had any ownership interest in the Premises pursuant to CPLR § 6501, costs and expenses must be imposed pursuant to CPLR § 6514.

50. No prior application for the relief sought herein has been previously made.

**WHEREFORE**, Albany Avenue Partners LLC respectfully requests that its motion be granted and that Albany Avenue Partners LLC obtains an order:

a. pursuant to the New York Civil Practice Laws and Rules ("CPLR") § 6501 and CPLR § 6514, cancelling the lis pendens filed against the premises known as and by the street address 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54)   and

b. granting Albany Avenue Partners LLC costs and expenses occasioned by the filing and cancellation of the notice of pendency against 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54) , and

c. for such other and further relief in favor of Albany Avenue Partners LLC as the court deems to be just and proper.

Dated: September 20, 2022                     Law Offices of Alan J. Waintraub PLLC
Kew Gardens, New York

_____
Alan J. Waintraub, Esq.