UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                         19-CR-408

                                    Plaintiff,    AFFIDAVIT IN
                                                  SUPPORT

              -against-

ISKYO ARONOV, MICHAEL KONSTANTINOVSKIY,
TOMER DAFNA, AVRAHAM TARSHISH, and MICHAEL
HERSKOWITZ,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW JERSEY         )
                            ) ss.:
COUNTY OF BERGEN            )

       Stanley Waintraub, being duly affirmed, deposes and says under penalty of perjury:

       1.     I am a member of non-party movant, Albany Avenue Partners LLC

("AAP"). I have reviewed the statements set forth herein in the context of the records kept by AAP

and have duly executed this affidavit based upon that review and upon my personal knowledge of

the stated facts and circumstances. As part of my job responsibilities for the Company, I am

familiar with the type of records maintained by the Company.

       2.     I make this affirmation in support of AAP's application for an order:

       a.     pursuant to the New York Civil Practice Laws and Rules ("CPLR") § 6501 and
              CPLR § 6514, cancelling the lis pendens filed against the premises known as and
              by the street address 769 MacDonough Street, Brooklyn, New York 11233 (Block
              1498 Lot 54) and

       b.     granting AAP costs and expenses occasioned by the filing and cancellation of the
              notice of pendency against 769 MacDonough Street, Brooklyn, New York 11233
              (Block 1498 Lot 54) (the "Premises"), and

       c.     for such other and further relief in favor of AAP as the court deems to be just and
              proper.

## BACKGROUND

3.      The notice of pendency of action against the Premises was unavailable to AAP, but proof of such notice of pendency is annexed hereto as **Exhibit B**.

4.      Plaintiff, United States of America ("Plaintiff"), never named or served AAP in this action even though Plaintiff seems to be trying to claim title to the Premises through this action and has filed a notice of pendency against the Premises that AAP has a recorded first mortgage position against, and was conducting a pending foreclosure action against, when the Indictment and notice of pendency were filed.

5.      On or about May 4, 2022, AAP's counsel sent Assistant United States Attorney Tanisha R. Payne, Esq., an email, annexed hereto as **Exhibit C** (sans exhibits), in which AAP LLC demonstrates that it has completed a Foreclosure Auction against the Premises and that none of the defendants to this action have any equitable or other ownership interest in the Premises (the "Defendants"), and requesting that Plaintiff cancel the notice of pendency as against the Premises (the "May 4 Email").

6.      Plaintiff's counsel confirmed receipt of the May 4 Email by email dated May 19, 2022 and requested further information to support AAP's position. That email is annexed hereto as **Exhibit H**.

7.      AAP's counsel responded with further documentation in an email dated May 19, 2022 annexed hereto as **Exhibit I**. The terms of sale which were issued at the Foreclosure Auction in the Foreclosure Action was annexed to the May 19, 2022 email and is annexed hereto as **Exhibit J**.

8.      After waiting for a response from Plaintiff's counsel for almost a month, on June 13, 2022, Plaintiff's counsel responded by email, annexed hereto as **Exhibit K**, that "we are not

prepared to lift the lien at this time. We are in the processing of assessing all of the property subject to forfeiture in this case and I am not in a position to know at this point whether this asset can be removed from the case. My team is actively working on a disposition in the case and I can keep you updated."

9.      As set forth in the email correspondence and as further explained below, there is absolutely no reason why Plaintiff should be able to maintain a lien against the Premises after AAP completed a foreclosure auction against the Premises in the Foreclosure Action.

10.     As such, Plaintiff should be ordered to remove the notice of pendency as against the Premises.

BACKGROUND

11.     On or about May 25, 2016, Luis Villafane deeded the Premises to 769 M LLC pursuant to a deed dated May 25, 2016, which deed was recorded on January 16, 2018 in the Office of the Register of the County of Kings in CRFN: 2018000017051 (the "Deed"). See Deed annexed hereto as **Exhibit L**.

12.     On or about May 26, 2016, Genesis Capital Master Fund II, LLC made a loan to the defendant, 769 M LLC, in the original principal amount of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars (the "Loan").

13.     To evidence its indebtedness under the Loan, on or about May 26, 2016, 769 M LLC executed and delivered to Genesis Capital Master Fund II, LLC a certain mortgage note (the "Note") in the original principal amount of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars. See Note annexed hereto as **Exhibit M**.

14.     To secure payment of the Note, on or about May 26, 2016, 769 M LLC duly executed, acknowledged and delivered to Genesis Capital Master Fund II, LLC ("Genesis") a

mortgage, as mortgagee, with the same force and effect as set forth therein, in the original principal

sum of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars (the "Mortgage").

See Mortgage annexed hereto as **Exhibit N**. In and by the Mortgage, 769 M LLC mortgaged the

Premises. The Mortgage was duly recorded in the Office of the City Register of the County of

Kings on June 30, 2016 in CRFN: 2016000222783.

15.     On or before May 26, 2016, the operating agreement (the "Operating Agreement")

was presented to Barristers Title Agency, LLC as a prerequisite for a title insurance policy to be

issued. The Operating Agreement demonstrated that there were only two members of 769 M LLC,

Scott Kushnick and Avraham Tarshish. See Operating Agreement annexed hereto as **Exhibit G**.

16.     The Note was further assigned by Genesis Capital Master Fund II, LLC to Goldman

Sachs Bank USA by an allonge firmly affixed to the Note, and the Mortgage was further assigned

pursuant to an omnibus assignment of mortgage, dated November 30, 2017, from Genesis Capital

Master Fund II, LLC to Goldman Sachs Bank USA (the "Omnibus Assignment"), which Omnibus

Assignment was recorded on January 16, 2018 in the Office of the Register of the County of Kings

in CRFN: 2018000017051. See Omnibus Assignment annexed hereto as **Exhibit O**.

17.     The Note was further assigned by Goldman Sachs Bank USA to AAP by an allonge

firmly affixed to the Note, and the Mortgage was assigned pursuant to an assignment of mortgage

dated July 30, 2018, from Goldman Sachs Bank USA to AAP (the "Assignment of Mortgage"),

which Assignment of Mortgage is intended to be recorded in the Office of the Register of the

County of Kings. See Assignment of Mortgage annexed hereto as **Exhibit P**.

18.     769 M LLC failed to comply with the terms, conditions and obligations of the Note

and Mortgage, as extended, by failing to submit all sums due and owing on the Note which became

immediately due and payable on May 1, 2018 (the "Maturity Date"). See Complaint annexed

hereto as **Exhibit D** at ¶ 27.

19.    AAP LLC duly commenced this action by filing the summons and complaint (the

"Complaint") in the Kings County Clerk's Office on August 30, 2018 under index number

517734/2018 (the "Foreclosure Action"). See **Exhibit D**.

20.    By Order, dated January 23, 2020, filed on February 6, 2020, the Hon. Larry D.

Martin granted AAP's motion for summary judgment against 769 M LLC and appointed Stephen

Barbaro, Esq. as Referee (the "Referee") to compute the amount due to AAP upon the Note and

Mortgage (the "MSJ Order"). See MSJ Order annexed hereto as **Exhibit Q**.

21.    By oath and report, dated March 11, 2021, the Referee determined that AAP is

owed $1,005,947.53 with interest through February 14, 2020. See Referee's Computation

Schedule annexed hereto as **Exhibit R**.

22.    The Court issued AAP a judgment of foreclosure and sale pursuant to the order

annexed hereto as **Exhibit F** dated September 9, 2021 (the "JFS").

23.    Pursuant to the JFS, AAP scheduled a foreclosure auction of the Premises at a

foreclosure auction on March 24, 2022 at 12:00 P.M. as approved by the Supreme Court of the

State of New York, Kings County (the "Foreclosure Auction"). At the Foreclosure Auction, AAP

was the successful bidder of the Premises for the sum of One Thousand Dollars as set forth in that

certain Terms of Sale annexed hereto as **Exhibit J**.

24.    The reason that AAP was able to purchase the Premises for One Thousand Dollars

at the Foreclosure Auction, is due to the fact that AAP announced an upset bid of One Million

Two Hundred Thousand Dollars at the Foreclosure Auction, **which is significantly less** than the

aggregate of the sums due and owing from 769 M LLC to AAP pursuant to the JFS (which includes

accrued interest from February 14, 2020 – the date that the Referee's Oath and Computation was

determined to the date of the Foreclosure Auction on March 24, 2022), plus the open property taxes, water, transfer taxes and other liens and costs against the Premises at the time of the Foreclosure Auction.

25.     As such, as of the Foreclosure Auction, there was no equity on the Premises for 769 M LLC or its members.

26.     All of the title companies that AAP LLC has approached to obtain clear title insurance on the Premises will not insure the Premises to AAP because of the notice of pendency filed by Plaintiff in this action. They claim that as the Plaintiff has endless resources, the risk of litigating with Plaintiff is not worth issuing the title policy even though the Plaintiff has no rights to the Premises as a matter of law or fact.

27.     To such an end, AAP emailed Plaintiff's counsel to obtain Plaintiff's consent to have Plaintiff remove the notice of pendency against the Premises, which has already been extinguished as a matter of law in the Foreclosure Action after the Foreclosure Auction.

28.     Despite AAP LLC's request, Plaintiff has denied AAP LLC's request. This motion is the result.

29.     To conclude, it is clear that none of the Defendants in this action have any further ownership interest in the Premises due to the completed Foreclosure Auction in the Foreclosure Action as a matter of law.

30.     Plaintiff's notice of pendency in the Foreclosure Action was of record when the Indictment was filed and when Plaintiff filed its notice of pendency in this action. As such, Plaintiff had actual knowledge or implied knowledge of the Foreclosure Action, but failed to appear therein.

31.     Although AAP sent Plaintiff's counsel the letters demonstrating that the Defendants in this action do not own the Premises and have no equity in the Premises, Plaintiff's counsel never

removed the notice of pendency from the Premises and never asked for any further documentation from AAP.

       32.     AAP is trying to obtain title insurance for the Premises and is requesting that Plaintiff cancel and terminate the notice of pendency as against the Premises.

       33.     Due to the lien placed by Plaintiff on the Premises, AAP is unable to obtain title insurance for the Premises. This is causing and has caused AAP thousands of dollars of losses as property taxes and other liens are placed against the Premises while Plaintiff fails to remove the notice of pendency.

SIGNATURE PAGE TO FOLLOW

Therefore, AAP respectfully requests that AAP's motion be granted and that AAP obtain

an order:

    a.  pursuant to CPLR § 6501 and CPLR § 6514, cancelling the lis pendens filed against the premises known as and by the street address 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54) and

    b.  granting AAP costs and expenses occasioned by the filing and cancellation of the notice of pendency against 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498 Lot 54) , and

    c.  for such other and further relief in favor of AAP as the court deems to be just and proper.

Albany Avenue Partners LLC

By: Stanley Waintraub
Its: Member

STATE OF NEW JERSEY  )
                     ) ss.:
COUNTY OF BERGEN     )

On the 20th day of September in the year 2022 before me, the undersigned, personally appeared Stanley Waintraub, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Bergen, State of New Jersey.

Notary Signature

Kathleen M Rouperian
Notary Public
New Jersey
My Commission Expires 4-22-2023
No. 2299129