Exhibit A

FILED: KINGS COUNTY CLE... 08/30/2018 01:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ALBANY AVENUE PARTNERS LLC,

                                    Plaintiff,

            -against-

769 M LLC, CRIMINAL COURT OF THE CITY OF NEW
YORK, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, JOSEPH
FREUND, 299 VAN BUREN INVESTORS LLC,

"JOHN DOE #1" through "JOHN DOE #12," the last
twelve names being fictitious and unknown to plaintiff,
the persons or parties intended being the tenants,
occupants, persons or corporations, if any, having or
claiming an interest in or lien upon the premises,
described in the complaint,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDEX NO.

Plaintiff designates KINGS
County as the place of trial
situs of the real property

SUMMONS

COMMERCIAL
FORECLOSURE

To the above named Defendants

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance on the Plaintiff's Attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York) in the event the United States of
America is made a party defendant, the time to answer for the said United States of America shall
not expire until (60) days after service of the Summons; and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 517734/2018
RECEIVED NYSCEF: 08/30/2018

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to the mortgage company will not stop the foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: August 29, 2018
     Rego Park, New York

              LAW OFFICES OF ALAN J. WAINTRAUB PLLC
              Attorneys for Plaintiff

              BY: _Alan Wal_
              Alan J. Waintraub, Esq.
              97-17 64th Road, 3rd Floor
              Rego Park, New York 11374
              (718) 504-5700

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM   INDEX NO. 517734/2018

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 08/30/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ALBANY AVENUE PARTNERS LLC,

                         Plaintiff,

        -against-

769 M LLC, CRIMINAL COURT OF THE CITY OF
NEW YORK, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, JOSEPH
FREUND, 299 VAN BUREN INVESTORS LLC,

"JOHN DOE #1" through "JOHN DOE #12," the last
twelve names being fictitious and unknown to plaintiff,
the persons or parties intended being the tenants,
occupants, persons or corporations, if any, having or
claiming an interest in or lien upon the premises,
described in the complaint,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDEX NO.

Plaintiff designates KINGS
County as the place of trial
situs of the real property

VERIFIED COMPLAINT

COMMERCIAL
FORECLOSURE

      The above-named plaintiff, by LAW OFFICES OF ALAN J. WAINTRAUB PLLC, its

attorneys, complaining of the above-named defendants, shows to this Court and alleges on

information and belief:

          1.    Plaintiff, Albany Avenue Partners LLC, is a New York limited liability

company, formed and existing under the laws of the state of New York and authorized to do

business in New York, having an office at 7 Marcus Drive, Monsey, New York 10952.

          2.    Defendant, 769 M LLC, is a New York limited liability company having an

address at c/o Kimberly Gohar, 96-09 Springfield Blvd., Suite 205, Jamaica, New York, 11429.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS

### BACKGROUND

3.     On or about May 26, 2016, Genesis Capital Master Fund II, LLC made a loan to the defendant, 769 M LLC in the original principal amount of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars (the "Loan").

4.     To evidence its indebtedness under the Loan, on or about May 26, 2016, 769 M LLC executed and delivered to Genesis Capital Master Fund II, LLC a certain mortgage note (the "Note") in the original principal amount of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars.

5.     To secure payment of the Note, on or about May 26, 2016, 769 M LLC (the "Borrower"), duly executed, acknowledged and delivered to Genesis Capital Master Fund II, LLC ("Genesis") a mortgage, as mortgagee, with the same force and effect as set forth therein, in the original principal sum of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars (the "Mortgage").

6.     In and by the Mortgage, the Borrower mortgaged certain real property known as and by the street address, 769 MacDonough Street, Brooklyn, New York (Kings County Block: 1498, Lot: 54) (the "Premises"), which Premises is more particularly described in **Schedule "A"** annexed hereto.

7.     The Mortgage was duly recorded in the Office of the City Register of the County of Kings on June 30, 2016 in CRFN: 2016000222783.

8.     Any applicable recording tax was paid at the time of recording of the Mortgage.

9.     The Note was assigned by Genesis Capital Master Fund II, LLC to Goldman

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 08/30/2018

Sachs Bank USA (the "Plaintiff") by an allonge and firmly affixed to the Note.

        10.     The Mortgage was assigned pursuant to an omnibus assignment of mortgage, assignment of leases and rents and all other related loan documents, dated November 30, 2017, from Genesis Capital Master Fund II, LLC to Goldman Sachs Bank USA (the "Omnibus Assignment"), which Omnibus Assignment was recorded on January 16, 2018 in the Office of the Register of the County of Kings in CRFN: 2018000017051.

        11.     The Note was assigned by Goldman Sachs Bank USA to Albany Avenue Partners LLC (the "Plaintiff") by an allonge and firmly affixed to the Note.

        12.     The Mortgage was assigned pursuant to an assignment of mortgage dated July 30, 2018, from Goldman Sachs Bank USA ("Goldman") to Plaintiff (the "Assignment of Mortgage"), which Assignment of Mortgage is intended to be recorded in the Office of the Register of the County of Kings.

        13.     Plaintiff is currently the holder of the Note and Mortgage.

        14.     As further security for the indebtedness represented by the Note and Mortgage, on May 26, 2016, the Borrower duly executed and delivered an assignment of leases and rents (the "ALR") to Genesis Capital Master Fund II, LLC, its successors and assigns, wherein and whereby the Borrower assigned to Genesis Capital Master Fund II, LLC its successors and assigns, all of the right, title and interest of all existing and future leases and all other agreements, whether or not in writing, affecting the use, enjoyment or occupancy of the Premises. The ALR was recorded on June 30, 2016 in the Office of the City Register of Kings County in CRFN: 2016000222784.

        15.     The ALR was assigned pursuant to the Omnibus Assignment dated November 30, 2017, wherein both the mortgage and the assignment of leases and rents, among

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 08/30/2018

other things, were assigned from Genesis Capital Master Fund II, LLC to Goldman Sachs Bank

USA, which Omnibus Assignment was recorded on January 16, 2018 in the Office of the Register

of the County of Kings in CRFN: 2018000017051.

16.    The ALR was then assigned pursuant to an assignment of assignment of

leases and rents dated July 30, 2018, from Goldman Sachs Bank USA to Plaintiff (the "AALR"),

which Assignment of Mortgage is intended to be recorded in the Office of the Register of the

County of Kings.

17.    In and by the Note and Mortgage, the Borrower covenanted and agreed to

among other things:

a)    To repay to the Plaintiff, by means of monthly payments of interest only on
      the said principal sum of $720,000.00 with interest thereon at the rate(s)
      therein provided;

b)    That the said monthly payments of interest only would commence on July
      1, 2016 and continue to be made at the first of every month thereafter until
      December 1, 2016 (the "Maturity Date");

c)    That the principal amount (and all accrued interest and other sums reserved
      under the Note and the Mortgage) shall become due and payable on the
      Maturity Date;

d)    That in the event that a payment became overdue for a period in excess of
      ten (10) days, a late charge in the amount of ten (10%) percent of the amount
      overdue may be charged on the delinquent amount;

e)    To pay the Plaintiff's attorney's fees, costs and disbursements in any action
      to foreclose the mortgage.

18.    On or about November 21, 2016, Genesis and Borrower entered into an

extension agreement (the "First Agreement") wherein the Maturity Date was extended to January

1, 2017.

19.    On or about December 27, 2016, Genesis and Borrower entered into an

extension agreement (the "Second Agreement") wherein the Maturity Date was extended to

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 08/30/2018

February 1, 2017.

20.     On or about February 17, 2017, Genesis and Borrower entered into an extension agreement (the "Third Agreement") wherein the Maturity Date was extended to June 1, 2017, with a loan extension fee in the amount of $3,100.00 payable on the Maturity Date.

21.     On or about May 31, 2017, Genesis and Borrower entered into an extension agreement (the "Fourth Agreement") wherein the Maturity Date was extended to September 1, 2017, with another loan extension fee in the amount of $3,100.00 payable on the Maturity Date.

22.     On or about August 30, 2017, Genesis and Borrower entered into an extension agreement (the "Fifth Agreement") wherein the Maturity Date was extended to October 1, 2017, with another loan extension fee in the amount of $2,067.08 payable on the Maturity Date.

23.     On or about October 30, 2017, Genesis and Borrower entered into an extension agreement (the "Sixth Agreement") wherein the Maturity Date was extended to December 1, 2017, with another loan extension fee in the amount of $2,067.08 payable on the Maturity Date.

24.     On or about November 21, 2017, Genesis and Borrower entered into an extension agreement (the "Seventh Agreement") wherein the Maturity Date was extended to January 1, 2018, with another loan extension fee in the amount of $1,033.54 payable on the Maturity Date.

25.     On or about December 20, 2017, Genesis and Borrower entered into an extension agreement (the "Eighth Agreement") wherein the Maturity Date was extended to February 1, 2018, with another loan extension fee in the amount of $1,032.92 payable on the Maturity Date.

26.     On or about February 7, 2018, Genesis and Borrower entered into an

extension agreement (the "Ninth Agreement") wherein the Maturity Date was extended to May 1, 2018, with another loan extension fee in the amount of $3,100.00 payable on the Maturity Date.

27. Borrower failed to comply with the terms, conditions and obligations of Note and Mortgage, as modified, by failing to submit all sums due and owing on the Note which became immediately due and payable on May 1, 2018 (the "Maturity Date")

28. The Note, as modified, matured on its terms on the Maturity Date, and Borrower did not remit the entire sums due on the Note pursuant to the terms of the Note and Mortgage, as modified.

29. The following amounts are now due and owing on said Note and Mortgage, as modified, no part of any of which has been paid.

| | |
|---|---|
| Principal Balance: | $720,000.00 |
| Extension Fees: | $15,500.62 |
| Interest thereon from: | April 1, 2018 |

30. The Note, as modified, has matured by its own terms and the Note remains unpaid. According to the provisions of the Note and Mortgage, as modified, Plaintiff hereby elects to declare the entire unpaid balance of principal, together with all accrued interest, due and payable.

31. There is now due and payable the unpaid principal balance of $720,000.00 with interest and extensions fees thereon from April 1, 2018.

32. Plaintiff has complied with all conditions precedent contained in the Mortgage, if any.

33. To protect its security afforded by said bond or note and mortgage, it may be necessary for the Plaintiff to advance sums to pay property taxes, assessments and water rates which are, or may become liens on the mortgaged premises, and any other charges for the protection of the premises, and plaintiff hereby demands that any amounts which may be so

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 08/30/2018

expended shall be added to the amount of the principal sum secured by said bond or note and mortgage, together with interest from the time of any such payment, and that the same be paid to the plaintiff from the proceeds of the foreclosure sale herein.

34.     The said Premises and title thereto are subject to the following:

a)      The state of facts an accurate survey will show;

b)      All covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof;

c)      Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;

d)      Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same;

e)      The physical condition of any building or structure on the premises as of the date of closing hereunder;

f)      Rights of tenants in possession, if any;

g)      Prior mortgages and judgments, if any, now liens of record;

h)      Right of Redemption of United States of America, if any;

i)      Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;

j)      Any and all Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and

k)      Other conditions as set forth in the terms of sale more particularly to be announced at the sale.

35.     Plaintiff further alleges that each of the above-named defendants has or claims to have or may claim to have some interest in or lien upon said Premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said mortgage.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 08/30/2018

36.    Defendant, Criminal Court of the City of New York, joined as a necessary party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by virtue of the judgment(s) of record listed below, which judgments are subject and subordinate to the lien of Plaintiff's mortgage being foreclosed and for no other reason. The judgments of record are found against:

See attachment on next page:

Case 1:19-cr-00408-MKB Document 258-6 Filed 09/20/22 Page 12 of 82 PageID #: 1779

## 01 - JUDGMENTS BOOK INQUIRY
### Request Judgment Copy

**CTRL NO:** 003679141 - 01        **DEBTORS:** 01

| | |
|---|---|
| **Docket Date:** 10/20/2017 | **TYPE:** TJ - TRANSCRIPT OF JUDGMENT |
| **EFFECTIVE DATE:** 10/19/2017 **ENDING:** 10/20/2037 | **COUNTY:** 24 KINGS |
| **CLERK / SEQ#** : JDLSCRM 084 | **COURT:** CR Criminal Court |
| **BLOCK: LOT:** | **INDEX NUMBER:** 2017SK007165 |

**DEBTOR**

769Mllc
445 HAMILTON AVE STE 110
WHITE PLAINS 10601

**CREDITOR**

Criminal Court Of The City Of New York
120 SCHERMERHORN ST
BROOKLYN 11201

District Attorney Of Kings County
BROOKLYN 11201
BROOKLYN 11201

**AMOUNT: $5,000.00 OPEN**

---

## 01 - JUDGMENTS BOOK INQUIRY
### Request Judgment Copy

**CTRL NO:** 003679142 - 01        **DEBTORS:** 01

| | |
|---|---|
| **Docket Date:** 10/20/2017 | **TYPE:** TJ - TRANSCRIPT OF JUDGMENT |
| **EFFECTIVE DATE:** 10/19/2017 **ENDING:** 10/20/2037 | **COUNTY:** 24 KINGS |
| **CLERK / SEQ#** : JDLSCRM 085 | **COURT:** CR Criminal Court |
| **BLOCK: LOT:** | **INDEX NUMBER:** 2017SK007336 |

**DEBTOR**

769Mllc
445 HAMILTON AVE STE 110
WHITE PLAINS 10601

**CREDITOR**

Criminal Court Of The City Of New York
120 SCHERMERHORN ST
BROOKLYN 11201

District Attorney Of Kings County
BROOKLYN 11201
BROOKLYN 11201

**AMOUNT: $5,000.00 OPEN**

Case 1:19-cr-00408-MKB Document 258-6 Filed 09/20/22 Page 13 of 82 PageID #: 1780

---

## 01 - JUDGMENTS BOOK INQUIRY
### Request Judgment Copy

**CTRL NO:** 003679143 - 01 | **DEBTORS:** 01

**Docket Date:** 10/20/2017
**EFFECTIVE DATE:** 10/19/2017  **ENDING:** 10/20/2037
**CLERK / SEQ# :** JDLSCRIM  086
**BLOCK:  LOT:**

**TYPE:** TJ - TRANSCRIPT OF JUDGMENT
**COUNTY:** 24  KINGS
**COURT:** CR  Criminal Court
**INDEX NUMBER:** 2017SK007337

**DEBTOR**
769Mllc
PO BOX 50264
BROOKLYN 11205

**CREDITOR**
Criminal Court Of The City Of New York
120 SCHERMERHORN ST
BROOKLYN 11201

District Attorney Of Kings County
BROOKLYN 11201
BROOKLYN 11201

**AMOUNT:**  $5,000.00 OPEN

---

## 01 - JUDGMENTS BOOK INQUIRY
### Request Judgment Copy

**CTRL NO:** 003679140 - 01 | **DEBTORS:** 01

**Docket Date:** 10/20/2017
**EFFECTIVE DATE:** 10/19/2017  **ENDING:** 10/20/2037
**CLERK / SEQ# :** JDLSCRIM  083
**BLOCK:  LOT:**

**TYPE:** TJ - TRANSCRIPT OF JUDGMENT
**COUNTY:** 24  KINGS
**COURT:** CR  Criminal Court
**INDEX NUMBER:** 2017SK007162

**DEBTOR**
769Mllc
PO BOX 50264
BROOKLYN 11205

**CREDITOR**
Criminal Court Of The City Of New York
120 SCHERMERHORN ST
BROOKLYN 11201

District Attorney Of Kings County
BROOKLYN 11201
BROOKLYN 11201

**AMOUNT:**  $5,000.00 OPEN

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018

NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 08/30/2018

37.    Defendant, New York City Environmental Control Board, is joined as a necessary party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by virtue of those certain judgments docketed against Defendant **on the next page**, which judgments are subject and subordinate to the lien of Plaintiff's Mortgage being foreclosed and for no other reason:

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 08/30/2018

Rapid Examiners

130889

| NAME | Type | Start | End | County | Hits | Run Date |
|---|---|---|---|---|---|---|
| 769 M | ECB | 1/1/1999 | 6/30/2018 | ALL COUNTIES | 95 | 8/6/2018 |

| | | |
|---|---|---|
| 769 M Llc<br><br>PO BOX 50264<br><br>BK NY 11205 | ECB Viol No. 35187828K<br><br>DECISION DATE: 10/24/16<br><br>ECB BOOK DATE: 01/31/17 | JUDGMENT DATE: 12/08/16<br>Orginal Amount: $4,000.00 Interest: $544.44<br>Total Due: $4,544.44 Good to 8/6/2018 |
| 769 M Llc<br><br>PO BOX 50264<br><br>BK NY 11205 | ECB Viol No. 35187830J<br><br>DECISION DATE: 10/24/16<br><br>ECB BOOK DATE: 01/31/17 | JUDGMENT DATE: 12/08/16<br>Orginal Amount: $4,000.00 Interest: $544.44<br>Total Due: $4,544.44 Good to 8/6/2018 |
| 769 M Llc<br><br>PO BOX 50264<br><br>BK NY 11205 | ECB Viol No. 35187829M<br><br>DECISION DATE: 10/24/16<br><br>ECB BOOK DATE: 01/31/17 | JUDGMENT DATE: 12/08/16<br>Orginal Amount: $4,000.00 Interest: $544.44<br>Total Due: $4,544.44 Good to 8/6/2018 |
| 769 M Llc<br><br>789 MAC DONOUGH STREET<br><br>BROOKLYN NY 11233 | ECB Viol No. 44311882N<br><br>DECISION DATE: 11/10/16<br><br>ECB BOOK DATE: 02/28/17 | JUDGMENT DATE: 12/27/16<br>Orginal Amount: $300.00 Interest: $38.76 Total<br>Due: $338.76 Good to 8/6/2018 |
| 769 M Llc<br><br>769 MACDOUGAL ST<br><br>BROOKLYN NY 11233 | ECB Viol No. 194017020<br><br>DECISION DATE: 02/23/17<br><br>ECB BOOK DATE: 05/31/17 | JUDGMENT DATE: 04/10/17<br>Orginal Amount: $300.00 Interest: $31.96 Total<br>Due: $331.96 Good to 8/6/2018 |
| 769 M Llc<br><br>P.O. BOX 50264<br><br>BK NY 11205 | ECB Viol No. 35194836X<br><br>DECISION DATE: 02/06/17<br><br>ECB BOOK DATE: 05/31/17 | JUDGMENT DATE: 03/23/17<br>Orginal Amount: $24,000.00 Interest:<br>$2,556.49 Total Due: $26,556.49 Good to<br>8/6/2018 |
| 769 M Llc<br><br>POBOX 50264<br><br>BKYN NY 11205 | ECB Viol No. 35222429Y<br><br>DECISION DATE: 02/21/17<br><br>ECB BOOK DATE: 05/31/17 | JUDGMENT DATE: 04/10/17<br>Orginal Amount: $25,000.00 Interest:<br>$2,663.01 Total Due: $27,663.01 Good to<br>8/6/2018 |
| 769 M Llc<br><br>769 MAC DONOUGH STREET<br><br>BROOKLYN NY 11233 | ECB Viol No. 194018532<br><br>DECISION DATE: 03/23/17<br><br>ECB BOOK DATE: 06/30/17 | JUDGMENT DATE: 05/08/17<br>Orginal Amount: $300.00 Interest: $29.74 Total<br>Due: $329.74 Good to 8/6/2018 |
| 769 M Llc<br><br>769 MAC DONOUGH STREET<br><br>BROOKLYN NY 11233 | ECB Viol No. 42135560H<br><br>DECISION DATE: 03/16/17<br><br>ECB BOOK DATE: 06/30/17 | JUDGMENT DATE: 05/01/17<br>Orginal Amount: $300.00 Interest: $29.74 Total<br>Due: $329.74 Good to 8/6/2018 |

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

| 769 M Lic | ECB Viol No. 42255261Y | JUDGMENT DATE: 04/17/17 |
|---|---|---|
| 769 MAC DONOUGH STREET | DECISION DATE: 03/01/17 | Orginal Amount: $300.00 Interest: $29.74 Total Due: $329.74 Good to 8/6/2018 |
| BROOKLYN NY 11233 | ECB BOOK DATE: 06/30/17 | |

| 769 M Lic | ECB Viol No. 35216519R | JUDGMENT DATE: 04/27/17 |
|---|---|---|
| P.O. BOX 50264 | DECISION DATE: 03/13/17 | Orginal Amount: $12,000.00 Interest: $1,189.48 Total Due: $13,189.48 Good to 8/6/2018 |
| BK NY 11205 | ECB BOOK DATE: 06/30/17 | |

| 769 M Lic | ECB Viol No. 35188728H | JUDGMENT DATE: 04/27/17 |
|---|---|---|
| P.O. BOX 50264 | DECISION DATE: 03/13/17 | Orginal Amount: $4,000.00 Interest: $396.49 Total Due: $4,396.49 Good to 8/6/2018 |
| BK NY 11205 | ECB BOOK DATE: 06/30/17 | |

| 769 M Lic | ECB Viol No. 35216520Y | JUDGMENT DATE: 04/27/17 |
|---|---|---|
| P.O. BOX 50264 | DECISION DATE: 03/13/17 | Orginal Amount: $5,000.00 Interest: $495.62 Total Due: $5,495.62 Good to 8/6/2018 |
| BK NY 11205 | ECB BOOK DATE: 06/30/17 | |

| 769 M Lic | ECB Viol No. 35229895N | JUDGMENT DATE: 04/27/17 |
|---|---|---|
| P.O. BOX 50264 | DECISION DATE: 03/13/17 | Orginal Amount: $4,000.00 Interest: $396.49 Total Due: $4,396.49 Good to 8/6/2018 |
| BROOKLYN NY 11205 | ECB BOOK DATE: 06/30/17 | |

| 769 M Lic | ECB Viol No. 44445278K | JUDGMENT DATE: 05/30/17 |
|---|---|---|
| 769 MAC DONOUGH STREET | DECISION DATE: 04/12/17 | Orginal Amount: $300.00 Interest: $27.44 Total Due: $327.44 Good to 8/6/2018 |
| BROOKLYN NY 11233 | ECB BOOK DATE: 07/31/17 | |

| 769 M Lic | ECB Viol No. 42255561X | JUDGMENT DATE: 07/31/17 |
|---|---|---|
| 769 MAC DONOUGH STREET | DECISION DATE: 06/14/17 | Orginal Amount: $300.00 Interest: $22.93 Total Due: $322.93 Good to 8/6/2018 |
| BROOKLYN NY 11233 | ECB BOOK DATE: 09/30/17 | |

| 769 M Lic | ECB Viol No. 44380291K | JUDGMENT DATE: 07/31/17 |
|---|---|---|
| 769 MAC DONOUGH STREET | DECISION DATE: 06/14/17 | Orginal Amount: $300.00 Interest: $22.93 Total Due: $322.93 Good to 8/5/2018 |
| BROOKLYN NY 11233 | ECB BOOK DATE: 09/30/17 | |

| 769 M Lic | ECB Viol No. 41379015R | JUDGMENT DATE: 08/14/17 |
|---|---|---|
| 769 MAC DONOUGH STREET | DECISION DATE: 06/28/17 | Orginal Amount: $300.00 Interest: $22.93 Total Due: $322.93 Good to 8/6/2018 |
| BROOKLYN NY 11233 | ECB BOOK DATE: 09/30/17 | |

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

| | | |
|---|---|---|
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 195603046<br>DECISION DATE: 06/22/17<br>ECB BOOK DATE: 09/30/17 | JUDGMENT DATE: 08/07/17<br>Orginal Amount: $300.00 Interest: $22.93 Total<br>Due: $322.93 Good to 8/6/2018 |
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 41729700M<br>DECISION DATE: 06/28/17<br>ECB BOOK DATE: 09/30/17 | JUDGMENT DATE: 08/14/17<br>Orginal Amount: $300.00 Interest: $22.93 Total<br>Due: $322.93 Good to 8/6/2018 |
| 769 M Llc<br>769 MACDONOUGAL ST<br>BROOKLYN NY 11233 | ECB Viol No. 195092132<br>DECISION DATE: 06/30/17<br>ECB BOOK DATE: 09/30/17 | JUDGMENT DATE: 08/14/17<br>Orginal Amount: $300.00 Interest: $22.93 Total<br>Due: $322.93 Good to 8/6/2018 |
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 195092215<br>DECISION DATE: 07/21/17<br>ECB BOOK DATE: 10/31/17 | JUDGMENT DATE: 09/05/17<br>Orginal Amount: $300.00 Interest: $20.64 Total<br>Due: $320.64 Good to 8/6/2018 |
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 44380436M<br>DECISION DATE: 07/12/17<br>ECB BOOK DATE: 10/31/17 | JUDGMENT DATE: 08/28/17<br>Orginal Amount: $300.00 Interest: $20.64 Total<br>Due: $320.64 Good to 8/6/2018 |
| 769 M Llc<br>PO BOX 50264<br>BROOKLYN NY 11205 | ECB Viol No. 35231198K<br>DECISION DATE: 07/17/17<br>ECB BOOK DATE: 10/31/17 | JUDGMENT DATE: 08/31/17<br>Orginal Amount: $4,000.00 Interest: $275.18<br>Total Due: $4,275.18 Good to 8/6/2018 |
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 195093461<br>DECISION DATE: 08/10/17<br>ECB BOOK DATE: 11/30/17 | JUDGMENT DATE: 09/25/17<br>Orginal Amount: $300.00 Interest: $18.42 Total<br>Due: $318.42 Good to 8/6/2018 |
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 194989860<br>DECISION DATE: 08/04/17<br>ECB BOOK DATE: 11/30/17 | JUDGMENT DATE: 09/18/17<br>Orginal Amount: $300.00 Interest: $18.42 Total<br>Due: $318.42 Good to 8/6/2018 |
| 769 M Llc<br>769 MAC DONOUGH STREET<br>BROOKLYN NY 11233 | ECB Viol No. 196117305<br>DECISION DATE: 10/10/17<br>ECB BOOK DATE: 01/31/18 | JUDGMENT DATE: 11/24/17<br>Orginal Amount: $300.00 Interest: $13.83 Total<br>Due: $313.83 Good to 8/6/2018 |

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 44446248Y
DECISION DATE: 10/11/17
ECB BOOK DATE: 01/31/18

JUDGMENT DATE: 11/27/17
Orginal Amount: $300.00 Interest: $13.83 Total
Due: $313.83 Good to 8/6/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 41915070X
DECISION DATE: 10/13/17
ECB BOOK DATE: 01/31/18

JUDGMENT DATE: 11/27/17
Orginal Amount: $300.00 Interest: $13.83 Total
Due: $313.83 Good to 8/6/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 195099778
DECISION DATE: 10/17/17
ECB BOOK DATE: 01/31/18

JUDGMENT DATE: 12/01/17
Orginal Amount: $300.00 Interest: $13.83 Total
Due: $313.83 Good to 8/6/2018

---

769 M Llc
PO BOX 50264
BK NY 11205

ECB Viol No. 35232888M
DECISION DATE: 10/17/17
ECB BOOK DATE: 01/31/18

JUDGMENT DATE: 12/01/17
Orginal Amount: $4,000.00 Interest: $184.44
Total Due: $4,184.44 Good to 8/6/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 197131523
DECISION DATE: 11/24/17
ECB BOOK DATE: 03/31/18

JUDGMENT DATE: 02/06/18
Orginal Amount: $300.00 Interest: $9.47 Total
Due: $309.47 Good to 8/6/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 197132064
DECISION DATE: 11/24/17
ECB BOOK DATE: 03/31/18

JUDGMENT DATE: 02/06/18
Orginal Amount: $300.00 Interest: $9.47 Total
Due: $309.47 Good to 8/6/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 45230660J
DECISION DATE: 11/08/17
ECB BOOK DATE: 03/31/18

JUDGMENT DATE: 12/26/17
Orginal Amount: $300.00 Interest: $9.47 Total
Due: $309.47 Good to 8/6/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 195095460
DECISION DATE: 11/13/17
ECB BOOK DATE: 03/31/18

JUDGMENT DATE: 12/28/17
Orginal Amount: $300.00 Interest: $9.47 Total
Due: $309.47 Good to 8/8/2018

---

769 M Llc
769 MAC DONOUGH STREET
BROOKLYN NY 11233

ECB Viol No. 197185680
DECISION DATE: 12/19/17
ECB BOOK DATE: 03/31/18

JUDGMENT DATE: 02/06/18
Orginal Amount: $300.00 Interest: $9.47 Total
Due: $309.47 Good to 8/6/2018

FILED: KINGS COUNTY CLE... 08/30/2018 01:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

38.    Defendant, Department of Housing Preservation and Development, is joined as a necessary party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by virtue of a judgment filed on July 13, 2017 under Index No. HP178/2017 in the amount of $13,650.00 which judgment is subject and subordinate to the lien of Plaintiff's Mortgage being foreclosed.    Defendant, Department of Housing Preservation and Development, is also being joined as a necessary party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by virtue of any potential lien set forth in that certain Article 15 action filed in the Supreme Court of the County of Kings on December 23, 2016 under Index No. 505263/2018, captioned 769 M LLC v. New York City Department of Housing Preservation and Development, Angela D. Villafane, Luis Villafane, and Kings County Clerk's Office, commenced to prevent defendant, Department of Housing Preservation and Development from filing any further liens against the Premises as Defendant, 769 M LLC had purchased the property the same day the Department of Housing Preservation and Development's judgment was filed against a prior owner Angela D. Villafane and who was not the record owner of the Premises at the time the judgment was filed and which judgments are subject and subordinate to the lien of Plaintiff's Mortgage being foreclosed and for no other reason.

39.    Defendant, Joseph Freund, is joined as a necessary party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by virtue the notice of pendency filed on August 24, 2016, which is subordinate to the lien of Plaintiff's mortgage being foreclosed and for no other reason.

40.    Defendant, 299 Van Buren Investors LLC, is joined as a necessary party defendant herein to bar it from any right, title, claim or interest it may have in the premises being foreclosed by virtue of the declaration of restriction, dated February 8, 2017 and recorded on February 13, 2017 in the Office of the City Register of the County of Kings in CRFN: 2017000059664, which agreement is subject and subordinate to the lien of Plaintiff's Mortgage

FILED: KINGS COUNTY CLE.. 08/30/2018 01:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

being foreclosed and for no other reason.

41.     No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Note or Mortgage or for recovery of the said sums secured by the Note and Mortgage or any part thereof.

42.     Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and any and all future defaults under the aforesaid Note or Mortgage, as modified, and occurring prior to the discontinuance of this action are fully paid.

43.     In the event that Plaintiff possesses any other lien(s) against said Premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this complaint, but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS AND AGAINST THE PREMISES FOR PROCEEDS OF SALE

44.     Plaintiff hereby repeats and re-alleges all of the preceding allegations set forth in paragraphs "1" through "43", inclusive, above, to the same extent as if fully set forth at length herein.

45.     Pursuant to the Note and Mortgage, as modified, the Borrower agreed to pay the Plaintiff's attorney's fees, costs and disbursements in any action to foreclose on the Note

FILED: KINGS COUNTY CLE. 08/30/2018 01:42 PM

NYSCEF DOC. NO. 1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

and Mortgage and agreed that same would constitute a lien against the Premises. The Borrower is therefore liable for all of Plaintiff's attorney's fees, costs and disbursements incurred in this foreclosure action.

46. The Plaintiff, therefore, demands judgment for all of its attorneys' fees, costs and disbursements, and demands recovery from the Borrower and/or against the Premises and/or out of the proceeds of sale for same.

**WHEREFORE,** Plaintiff demands judgment against the defendants and each of them and all persons claiming under them, or either or any of them, subsequent to the commencement of this action, and against every person whose conveyance or encumbrance is subsequent or subsequently recorded, that they may be forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the Premises; that the Premises may be decreed to be sold as one parcel according to law, subject to the matters set forth in paragraph "34" hereof; that out of the moneys arising from the sale thereof Plaintiff may be paid the amount due on the Note and Mortgage, as modified, with interest to the time of such payment, and also the costs and disbursements and allowances according to law and Plaintiff's attorney's fees, costs and disbursements, as well as the sums paid by Plaintiff, or paid on Plaintiff's behalf or paid by the referee, or due for all advances, including, but not limited to, insurance premiums, taxes, assessments, water rates and sewer charges, which are or shall become liens prior to the date of sale, or which may be paid by Plaintiff, or paid on Plaintiff's behalf or paid by the referee, at any time up to the date of delivery of the referee's deed, together with interest thereon; that the officer making such sale be directed to pay from the proceeds thereof all expenses of the sale, including, but not limited to all state and local transfer taxes, and all taxes, assessments, water rates and sewer charges which are liens on the property sold and any and all other liens on the Premises; and that this Court forthwith appoint a

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/30/2018

receiver of the rents and profits of the Premises with power to lease the same, or such part thereof as may not be under lease, and with such further powers as may be deemed necessary, who after deducting all proper charges and expenses attending the execution of such trust as receiver, shall apply the residual satisfaction of the amount remaining secured by the Mortgage, including interest and all of the expenses of the foreclosure sales; and that Plaintiff have such other and further relief in the Premises as shall be just and equitable.

Dated: August 29, 2018
     Rego Park, New York

                 LAW OFFICES OF ALAN J. WAINTRAUB PLLC

                 By: _Alan Wal_
                 Alan J. Waintraub, Esq.
                 Attorneys for Plaintiff
                 97-17 64th Road 3rd Floor
                 Rego Park, New York 11374

Case 1:19-cr-00408-MKB Document 258-6 Filed 09/20/22 Page 23 of 82 PageID #: 1790

## VERIFICATION

Alan J. Waintraub, an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am a partner with the firm of Law Offices of Alan J. Waintraub PLLC the attorneys of record for the plaintiff in the within action.

I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated on my own knowledge are books and records in my possession, conversations with officers or employees of plaintiff or its agents, and the public record.

The reason this verification is made by me and not by the plaintiff is that plaintiff's principal offices are located outside the county where our law offices are located.

Dated: August 29, 2018
Rego Park, New York

_Alan Wal_
Alan J. Waintraub, Esq.

FILED: KINGS COUNTY CLEFK 08/30/2018 01:42 PM INDEX NO. 517734/2018
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/30/2018

**Title No.: MTANY-130889**

## SCHEDULE A

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of MacDonough Street, distant 200 feet westerly from the corner formed by the intersection of the northerly side of MacDonough Street and the westerly side of Hopkinson Avenue;

RUNNING THENCE northerly parallel with Hopkinson Avenue and part of the distance through a party wall 100 feet;

THENCE westerly parallel with MacDonough Street 17 feet 6 inches;

THENCE southerly parallel with Hopkinson Avenue 100 feet to the northerly side of MacDonough Street; and

THENCE easterly along the northerly side of MacDonough Street 17 feet 6 inches to the point or place of BEGINNING.

NOTE: Being Block(s) 1498, Lot(s) 54, Tax Map of the Borough of Brooklyn, County of Kings.

NOTE: Lot and Block shown for informational purposes only.

Issued by:
**Madison Title Agency, LLC**
**1125 Ocean Avenue, Lakewood, NJ 08701**
**Telephone: 732-905-9400  Fax: 732-905-9420**

130889/12

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

Exhibit A

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM

NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No. | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|----------|-------------|---------|---------|----------|
| $720,000.00 | 05-26-2016 | 12-1-2016 | | | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** 769 M LLC,
a New York Limited Liability Company
914 Bedford avenue
Brooklyn, New York 11205

**Lender:** Genesis Capital Master Fund II, LLC,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925) ("Lender"),
ATTENTION: LENDING DEPARTMENT
21650 Oxnard Street, Suite 1700
Woodland Hills, CA 91367
(818) 981-1778

**Principal Amount:  $720,000.00**       **Interest Rate:  9.500%**       **Date of Note:  May 26, 2016**

**PROMISE TO PAY.**  769 M LLC, a New York Limited Liability Company ("Borrower") promises to pay to Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925) ("Lender"), or order, in lawful money of the United States of America, the principal amount of Seven Hundred Twenty Thousand Dollars ($720,000.00), together with interest on the unpaid principal balance from May 26, 2016, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 9.500%, until paid in full.  The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.**  Borrower will pay this loan in one principal payment of $720,000.00 plus interest on December 1, 2016. This payment due on December 1, 2016, will be for all principal and all accrued interest not yet paid.  In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning July 1, 2016, with all subsequent interest payments to be due on the same day of each month after that.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to any late charges; then to principal; and then to any unpaid collection costs.

**INTEREST CALCULATION METHOD.**  Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this Note is computed using this method.

**RECEIPT OF PAYMENTS.**  All payments must be made in U.S. dollars and must be received by Lender consistent with the following payment instructions: FCI Lender Services, Inc Attention: Loan Servicing 8180 East Kaiser Blvd. Anaheim Hills, CA 92808. Lender may modify these payment instructions by providing updated payment instructions to Borrower in writing.

**PREPAYMENT.**  Borrower may pay without penalty all or a portion of the amount owed earlier than it is due.  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.  Rather, early payments will reduce the principal balance due.  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language.  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender.  All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:  FCI Lender Services, Inc Attention: Loan Servicing 8180 East Kaiser Blvd. Anaheim Hills, CA 92808.

**LATE CHARGE.**  If a payment is 10 days or more late, Borrower will be charged 10.000% of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.**  Upon default, at Lender's option, and if permitted by applicable law, Lender may add any unpaid accrued interest to principal and such sum will bear interest therefrom until paid at the rate provided in this Note (including any increased rate).  Upon default, the interest rate on this Note shall, if permitted under applicable law, immediately increase by 18.000 percentage points.

**DEFAULT.**  Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.**  Borrower fails to make any payment when due under this Note.

**Other Defaults.**  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.**  Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.**  Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note

FILED: KINGS COUNTY CLE . 08/30/2018 01:42 PM

N 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding six (6) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within five (5) days; or (2) if the cure requires more than five (5) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** To the extent permitted by applicable law, Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of California.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Los Angeles County, State of California.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $45.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**COLLATERAL.** Borrower acknowledges this Note is secured by Real Property Located at: 59-52 Madison Street, Ridgewood, NY 11385.

**ARBITRATION.** Borrower and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Borrower and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
N                    2                                          RECEIVED NYSCEF: 08/30/2018

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ATTENTION LENDING DEPARTMENT, 21650 Oxnard Street, Suite 1700, Woodland Hills , CA 91367.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:
769 M LLC, A NEW YORK LIMITED LIABILITY COMPANY

By: _____
    Scott Kushnick, **Member**

By: _____
    Avraham Tarshish, Member

LaserPro, Ver. 64.1.10.002  Copr. D+H USA Corporation 1997, 2016.  All Rights Reserved.  - CA  N:APPFILC\CFILPD  TR-082  PR-42 (M)

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM   INDEX NO. 517734/2018
NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 08/30/2018

**NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2016062102256005002E0797

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 12 |
|---|---|---|
| Document ID: 2016062102256005 | Document Date: 05-26-2016 | Preparation Date: 06-21-2016 |
| Document Type: MORTGAGE | | |
| Document Page Count: 11 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| BARRISTERS TITLE AGENCY, LLC | BARRISTERS TITLE AGENCY, LLC |
| 2275 COLEMAN STREET, UNIT 1A | 2275 COLEMAN STREET, UNIT 1A |
| BTA-3004 | BTA-3004 |
| BROOKLYN, NY 11234 | BROOKLYN, NY 11234 |
| 718-676-5222 | 718-676-5222 |
| MIKE@BARRISTERSNY.COM | MIKE@BARRISTERSNY.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1498 | 54 | Entire Lot | 769 MACDONOUGH ST |
| Property Type: DWELLING ONLY - 4 FAMILY | | | | |

**CROSS REFERENCE DATA**

CRFN_____ or DocumentID_____ or _____ Year____ Reel____ Page____ or File Number_____

**PARTIES**

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| 769 M LLC | GENESIS CAPITAL MASTER FUNDLL, LLC |
| 914 BEDFORD AVENUE | 21650 OXNARD STREET, SUITE 1700 |
| BROOKLYN, NY 11205 | WOODLAND HILLS, CA 91367 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 720,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 720,000.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 3,600.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 8,100.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 1,800.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| MTA: | $ | 2,160.00 | **OF THE CITY REGISTER OF THE** | | |
| NYCTA: | $ | 4,500.00 | **CITY OF NEW YORK** | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed     06-30-2016 16:29 | | |
| TOTAL: | $ | 20,160.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 92.00 | 2016000222783 | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM     INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                   RECEIVED NYSCEF: 08/30/2018

WHEN RECORDED MAIL TO:
Genesis Capital Master Fund II, LLC,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925)
ATTENTION: LENDING DEPARTMENT
21650 Oxnard Street, Suite 1700
Woodland Hills, CA 91367

FOR RECORDER'S USE ONLY

Loan No.

## MORTGAGE

**MAXIMUM LIEN.** The lien of this Mortgage shall not exceed at any one time $720,000.00.

The Property covered by this Mortgage is or will be secured by other than a 1 or 2 family residence.

**THIS MORTGAGE** dated **May 26, 2016,** is made and executed between **769 M LLC,** a New York Limited Liability Company, whose address is 914 Bedford Avenue, Brooklyn, New York 11205 (referred to below as "Grantor") and **Genesis Capital Master Fund II, LLC,** a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), whose address is 21650 Oxnard Street, Suite 1700, Woodland Hills, CA 91367 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages, grants, and conveys to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in **Kings County, State of New York:**

> See Exhibit A, which is attached to this Mortgage and made a part of this Mortgage as if fully set forth herein.

The Real Property or its address is commonly known as **769 MacDonough Street, Brooklyn, New York 11233.** The Real Property tax identification number is Block: 1498, Lot: 54.

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE  (A)  PAYMENT OF THE INDEBTEDNESS AND  (B)  PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS MORTGAGE.  THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.**  Except as otherwise provided in this Mortgage, Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**  Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

> **Duty to Maintain.**  Grantor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

> **Compliance With Environmental Laws.**  Grantor represents and warrants to Lender that:  (1)  During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)  Grantor has no knowledge of, or reason to believe that there has been,

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                       RECEIVED NYSCEF: 08/30/2018

except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**AGREEMENTS ABOUT NEW YORK LIEN LAW.** Grantor shall receive all amounts lent to Grantor by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Mortgage:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for the Existing Indebtedness referred to in this Mortgage or those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and reasonable attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage:

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Grantor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Lender being named as additional insureds in such liability insurance policies. Additionally, Grantor shall maintain such other insurance, including but not limited to hazard, business interruption and boiler insurance as Lender may require. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of ten (10) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Compliance with Existing Indebtedness.** During the period in which any Existing Indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such Existing Indebtedness shall constitute compliance with the insurance provisions under this Mortgage, to the extent compliance with the terms of this Mortgage would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Mortgage for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the Existing Indebtedness.

**Grantor's Report on Insurance.** Upon request of Lender, however not more than once a year, Grantor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Grantor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Mortgage or any Related Documents, including but not limited to Grantor's failure to comply with any obligation to maintain Existing Indebtedness in good standing as required below, or to discharge or pay when due any amounts Grantor is required to discharge or pay under this Mortgage or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Mortgage also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Mortgage:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Mortgage shall survive the execution and delivery of this Mortgage, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning Existing Indebtedness are a part of this Mortgage:

**Existing Lien.** The lien of this Mortgage securing the Indebtedness may be secondary and inferior to an existing lien. Grantor expressly covenants and agrees to pay, or see to the payment of, the Existing Indebtedness and to prevent any default on such Indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                                RECEIVED NYSCEF: 08/30/2018

**No Modification.** Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement which has priority over this Mortgage by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Mortgage:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Mortgage:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Mortgage, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Mortgage.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage; (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Mortgage, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. In addition to recording this Mortgage in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Mortgage as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning this security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Mortgage:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Mortgage, and the Related Documents, and (2) the liens and security interests created by this Mortgage as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018
RECEIVED NYSCEF: 08/30/2018

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Mortgage:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Default on Other Payments.** Failure of Grantor within the time required by this Mortgage to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Mortgage or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default in Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Mortgage or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Mortgage or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Mortgage or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made) any member withdraws from the limited liability company, or any other termination of Grantor's existence as a going business or the death of any member, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Existing Indebtedness.** The payment of any installment of principal or any interest on the Existing Indebtedness is not made within the time required by the promissory note evidencing such Indebtedness, or a default occurs under the instrument securing such Indebtedness and is not cured during any applicable grace period in such instrument, or any suit or other action is commenced to foreclose any existing lien on the Property.

**Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Right to Cure.** If any default, other than a default in payment, is curable and if Grantor has not been given a notice of a breach of the same provision of this Mortgage within the preceding six (6) months, it may be cured if Grantor, after Lender sends written notice to Grantor demanding cure of such default: (1) cures the default within five (5) days; or (2) if the cure requires more than five (5) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment fee that Grantor would be required to pay.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. The right to a receiver shall be given to Lender regardless of the solvency of Grantor and without any requirement to give notice to Grantor.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM                INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 08/30/2018

**Judicial Foreclosure.** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property.

**Nonjudicial Sale.** Grantor gives Lender a power of sale over Grantor's interest in all or in any part of the Personal Property or the Real Property subject to the Mortgage. This means that Lender will be authorized to sell all property subject to the Mortgage in connection with a non-judicial foreclosure proceeding. Lender is authorized to commence a non-judicial foreclosure proceeding as may be permitted by applicable law, including Article 14 of the New York Real Property Actions and Proceedings Law and any amendments or successors to that law.

**Deficiency Judgment.** If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Mortgage or the Note or available at law or in equity.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all right to have the Property marshalled. In exercising its rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Mortgage, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies. Nothing under this Mortgage or otherwise shall be construed so as to limit or restrict the rights and remedies available to Lender following an Event of Default, or in any way to limit or restrict the rights and ability of Lender to proceed directly against Grantor and/or against any other co-maker, guarantor, surety or endorser and/or to proceed against any other collateral directly or indirectly securing the Indebtedness.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender will be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness. Expenses covered by this paragraph include, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES.** Any notice required to be given under this Mortgage shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. All copies of notices of foreclosure from the holder of any lien which has priority over this Mortgage shall be sent to Lender's address, as shown near the beginning of this Mortgage. Any party may change its address for notices under this Mortgage by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** This Mortgage, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Mortgage. No alteration of or amendment to this Mortgage shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Grantor's residence, Grantor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Grantor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law.** With respect to procedural matters related to the perfection and enforcement of Lender's rights against the Property, this Mortgage will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of New York. In all other respects, this Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. However, if there ever is a question about whether any provision of this Mortgage is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable. The loan transaction that is evidenced by the Note and this Mortgage has been applied for, considered, approved and made, and all necessary loan documents have been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Los Angeles County, State of California.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Mortgage unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Mortgage shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Mortgage. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Mortgage, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Mortgage to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Mortgage. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Mortgage shall not affect the legality, validity or enforceability of any other provision of this Mortgage.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Mortgage.

**Waive Jury.** To the extent permitted by applicable law, all parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Mortgage. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Mortgage shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Borrower.** The word "Borrower" means 769 M LLC, a New York Limited Liability Company and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Default.** The word "Default" means the Default set forth in this Mortgage in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of this Mortgage.

**Grantor.** The word "Grantor" means 769 M LLC, a New York Limited Liability Company.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, including attorneys' fees, together with interest on such amounts as provided in this Mortgage.

**Lender.** The word "Lender" means Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-36925), its successors and assigns.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Note.** The word "Note" means the promissory note dated May 25, 2016, **in the original principal amount of $720,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM   INDEX NO. 517734/2018

NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 08/30/2018

promissory note or agreement.  The maturity date of this Mortgage is December 1, 2018.

**Personal Property.**  The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.**  The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.**  The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.**  The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                                      RECEIVED NYSCEF: 08/30/2018

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND GRANTOR AGREES TO ITS TERMS.

GRANTOR:

769 M LLC, A NEW YORK LIMITED LIABILITY COMPANY

By: _____
Scott Kushnick, a Member

By: _____
Avraham Tarshish, a Member

---

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF ___New York___ )
                         ) ss
COUNTY OF ___KINGS___ )

On the ___28___ day of ___MAY___ in the year 20__ before me, the undersigned, a Notary Public in and for said State, personally appeared Scott Kushnick, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

By _____                My        commission        expires
        Notary Public                          _____

KELLY O'BRIEN
Notary Public, State of New York
Reg. No. 01OB6211041
Qualified in Kings County
Commission Expires 09/08/20

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF _New York_                                    )
                                                        ) ss
COUNTY OF _____                                )

On the ____ day of ___May___ in the year 20_16_ before me, the undersigned, a Notary Public in and for said State, personally appeared Avraham Tarabiah, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

By _____                    My            commission            expires
      Notary Public

Lance Eric Kuba
Notary Public, State of New York
No. 02KU4916337
Qualified in Nassau
Commission Expires 01/04/20___

LaserPro, Ver. 16.1.10.038  Copr. D+H USA Corporation 1997, 2016.  All Rights Reserved.  - NY/CA  H:\CFI\LPL\G03.FC  TR-262  PR-48
(M)

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM    INDEX NO. 517734/2018

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 08/30/2018

## SCHEDULE A
### Legal Description

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of MacDonough Street, distant 200 feet westerly from the corner formed by the intersection of the northerly side of MacDonough Street and the westerly side of Hopkinson Avenue;

RUNNING THENCE northerly parallel with Hopkinson Avenue and part of the distance through a party wall 100 feet;

THENCE westerly parallel with MacDonough Street 17 feet 6 inches;

THENCE southerly parallel with Hopkinson Avenue 100 feet to the northerly side of MacDonough Street; and

THENCE easterly along the northerly side of MacDonough Street 17 feet 6 inches to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Said Premises being known as 769 MacDonough Street Brooklyn NY and Section: 06 Block: 1498 Lot: 54

[  ] The attached mortgage covers real property improved by a one or two family dwelling only.

[√] The attached mortgage covers real property principally improved or to be improved by one or more structures containing in the aggregate not more that six residential dwelling units, each having their own separate cooking facilities.

[  ] The attached mortgage does not cover real property improved as described above.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM  INDEX NO. 517734/2018
NYSCEF DOC. NO. 2  RECEIVED NYSCEF: 08/30/2018

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2016062102256006002E07D3

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 8 |
|---|---|---|
| Document ID: 2016062102256006 | Document Date: 05-26-2016 | Preparation Date: 06-21-2016 |
| Document Type: ASSIGNMENT OF LEASES AND RENTS | | |
| Document Page Count: 7 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| BARRISTERS TITLE AGENCY, LLC<br>2275 COLEMAN STREET, UNIT 1A<br>BTA-3004<br>BROOKLYN, NY 11234<br>718-676-5222<br>MIKE@BARRISTERSNY.COM | BARRISTERS TITLE AGENCY, LLC<br>2275 COLEMAN STREET, UNIT 1A<br>BTA-3004<br>BROOKLYN, NY 11234<br>718-676-5222<br>MIKE@BARRISTERSNY.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1498 | 54 | Entire Lot | 769 MACDONOUGH ST |

Property Type: DWELLING ONLY - 4 FAMILY

**CROSS REFERENCE DATA**

Document ID: 2016062102256005

**PARTIES**

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| 769 M LLC<br>914 BEDFORD AVENUE<br>BROOKLYN, NY 11205 | GENESIS CAPITAL MASTER FUNDLL, LLC<br>21650 OXNARD STREET, SUITE 1700<br>WOODLAND HILLS, CA 91367 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 720,000.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | 255 | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed    08-30-2016 16:29 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2016000222784 | |
| Recording Fee: | $ | 72.00 | | |
| Affidavit Fee: | $ | 8.00 | | |

*City Register Official Signature*

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 08/30/2018

WHEN RECORDED MAIL TO:
    Genesis Capital Master Fund II, LLC,
    a Delaware Limited Liability Company,
    a California Finance Lender (60DBO-35925)
    ATTENTION: LENDING DEPARTMENT
    21650 Oxnard Street, Suite 1700
    Woodland Hills, CA 91387

FOR RECORDER'S USE ONLY

Loan No.

Leases and
ASSIGNMENT OF RENTS and Rents

THIS ASSIGNMENT OF RENTS dated May 26, 2016, is made and executed between 769 M LLC, a New York Limited Liability Company, whose address is 914 Bedford Avenue, Brooklyn, New York 11205 (referred to below as "Grantor") and Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), whose address is 21650 Oxnard Street, Suite 1700, Woodland Hills, CA 91387 (referred to below as "Lender").

ASSIGNMENT.  For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Rents from the following described Property located in Kings County, State of New York:

    See Exhibit A, which is attached to this Assignment and made a part of this Assignment as if fully set forth herein.

The Property or its address is commonly known as 769 MacDonough Street, Brooklyn, New York 11233.  The Property tax identification number is Block: 1498, Lot: 54.

THIS ASSIGNMENT IS GIVEN TO SECURE  (1) PAYMENT OF THE INDEBTEDNESS AND  (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS.  THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE.  Except as otherwise provided in this Assignment or any Related Documents, Grantor shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment.  Unless and until Lender exercises its right to collect the Rents as provided below and so long as there is no default under this Assignment, Grantor may remain in possession and control of and operate and manage the Property and collect the Rents, provided that the granting of the right to collect the Rents shall not constitute Lender's consent to the use of cash collateral in a bankruptcy proceeding.

GRANTOR'S REPRESENTATIONS AND WARRANTIES.  Grantor warrants that:

    Ownership.  Grantor is entitled to receive the Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

    Right to Assign.  Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Rents to Lender.

    No Prior Assignment.  Grantor has not previously assigned or conveyed the Rents to any other person by any instrument now in force.

    No Further Transfer.  Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Rents except as provided in this Assignment.

LENDER'S RIGHT TO RECEIVE AND COLLECT RENTS.  Lender shall have the right at any time, and even though no default shall have occurred under this Assignment, to collect and receive the Rents.  For this purpose, Lender is hereby given and granted the following rights, powers and authority:

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM        INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 08/30/2018

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Rents to be paid directly to Lender or Lender's agent.

**Enter the Property.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Rents and remove any tenant or tenants or other persons from the Property.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of New York and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Rents. Lender, in its sole discretion, shall determine the application of any and all Rents received by it; however, any such Rents received by Lender which are not applied to such costs and expenses shall be applied to the indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Rents shall become a part of the Indebtedness secured by this Assignment, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Property. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. Such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Assignment also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Any guarantor or Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of any guarantor's or Grantor's property or ability to perform their respective obligations under this Assignment or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Grantor's existence as a going business or the death of any member, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 08/30/2018

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding six (6) months, it may be cured if Grantor, after Lender sends written notice to Grantor demanding cure of such default: (1) cures the default within five (5) days; or (2) if the cure requires more than five (5) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one, or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment fee that Grantor would be required to pay.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender shall have all the rights provided for in the Lender's Right to Receive and Collect Rents Section, above. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. The right to a receiver shall be given to Lender regardless of the solvency of Grantor and without any requirement to give notice to Grantor.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment or the Note or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender will be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness. Expenses covered by this paragraph include, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law.** With respect to procedural matters related to the perfection and enforcement of Lender's rights against the Property, this Assignment will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of New York. In all other respects, this Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. However, if there ever is a question about whether any provision of this Assignment is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable. The loan transaction that is evidenced by the Note and this Assignment has been applied for, considered, approved and made, and all

necessary loan documents have been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Los Angeles County, State of California.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1) In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require. (2) If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3) The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Powers of Attorney.** The various agencies and powers of attorney conveyed on Lender under this Assignment are granted for purposes of security and may not be revoked by Grantor until such time as the same are renounced by Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment.

**Waive Jury.** To the extent permitted by applicable law, all parties to this Assignment hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF RENTS, as this ASSIGNMENT OF RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF RENTS from time to time.

**Borrower.** The word "Borrower" means 789 M LLC, a New York Limited Liability Company.

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means 789 M LLC, a New York Limited Liability Company.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, including attorneys' fees, together with interest on such amounts as provided in this Assignment.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 08/30/2018

**Lender.** The word "Lender" means Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (66DBO-35925), its successors and assigns.

**Note.** The word "Note" means the promissory note dated May 26, 2016, in the original principal amount of $720,000.00 from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 08/30/2018

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON MAY 26, 2016.

GRANTOR:
769 M LLC, A NEW YORK LIMITED LIABILITY COMPANY

By: _____
     Scott Kushnick, a Member

By: _____
     Avraham Tarshish, a Member

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF   New York        )
                           ) SS
COUNTY OF   KINGS          )

On the 26th day of MAY in the year 2016 before me, the undersigned, a Notary Public in and for said State, personally appeared Scott Kushnick personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

By _____                My            commission              expires
        Notary Public

KELLY OBRIEN
Notary Public, State of New York
Reg. No. 01OB6211041
Qualified in Kings County
Commission Expires 06/08/20__

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF   New York        )
                           ) SS
COUNTY OF   Nassau         )

On the 26th day of MAY in the year 2016 before me, the undersigned, a Notary Public in and for said State, personally appeared Avraham Tarshish personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

By _____                My            commission              expires
     Notary Public

LaserPro, Ver. 15.1.10.038  Copr. D+H USA Corporation 1997, 2016.  All Rights Reserved.   - NY/CA  H:\CFI\LPL\G14.FC
TR-292  PR-48

LaserPro, Ver. 15.1.10.038  Copr. D+H USA Corporation 1997, 2016.  All Rights Reserved.   - NY/CA  H:\CFI\LPL\G14.FC  TR-292  PR-48
(M)
Lance Eric Kubal
Notary Public, State of New York
No. 02KU4816337
Qualified in Nassau
Commission Expires 01/04/20__

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM    INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                  RECEIVED NYSCEF: 08/30/2018

## SCHEDULE A
Legal Description

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of MacDonough Street, distant 200 feet westerly from the corner formed by the intersection of the northerly side of MacDonough Street and the westerly side of Hopkinson Avenue;

RUNNING THENCE northerly parallel with Hopkinson Avenue and part of the distance through a party wall 100 feet;

THENCE westerly parallel with MacDonough Street 17 feet 6 inches;

THENCE southerly parallel with Hopkinson Avenue 100 feet to the northerly side of MacDonough Street; and

THENCE easterly along the northerly side of MacDonough Street 17 feet 6 inches to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Said Premises being known as 769 MacDonough Street Brooklyn NY and Section: 06 Block: 1498 Lot: 54

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM

NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

2016062102256006002SC952

**SUPPORTING DOCUMENT COVER PAGE**                                                    **PAGE 1 OF 1**

**Document ID:** 2016062102256006       Document Date: 05-26-2016       Preparation Date: 06-21-2016
Document Type: ASSIGNMENT OF LEASES AND RENTS

---

**SUPPORTING DOCUMENTS SUBMITTED:**

        Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT         1

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018
RECEIVED NYSCEF: 08/30/2018

## AFFIDAVIT UNDER SECTION 255 TAX LAW
### (for Assignment of Leases and Rents)

STATE OF NEW YORK ) 
) ss.: 
COUNTY OF KINGS )

Scott Kushnick, being duly sworn, deposes and says:

(1) THAT he is a member of 769 M LLC, a New York limited liability company with an address at 914 Bedford Avenue, Brooklyn, New York 11205(the "LLC").

(2) THAT the LLC is the owner of certain real property known as, and located at, 769 MacDonough Street, Borough of Brooklyn, County of Kings, City and State of New York, and formally described on the tax maps of the said County of Kings as Block 1498, Lot 54 (referred to as the "Premises").

(3) THAT the LLC has executed and delivered for recording a Mortgage dated May 26, 2016 made by the LLC to Genesis Capital Master Fund II, LLC, a Delaware limited liability company, a California finance lender (60DBO-35925) ("Genesis"), as mortgagee, in the original principal sum of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars and interest thereon ("Mortgage") as evidenced, in part, by a Note made by LLC in favor of Genesis executed and delivered in conjunction therewith. The mortgage recording tax on the Mortgage in the amount of $ _____ will be duly paid upon such filing.

(4) That offered herewith for recording is an Assignment of Leases and Rents made by the LLC to Genesis, which Assignment of Leases and Rents is given as further collateral security for the indebtedness evidenced by the above-described mortgages and as consolidated, extended and modified by the said Mortgage to be recorded simultaneously herewith.

(5) That said instrument presented herewith secures no new or further indebtedness other than that specified herein or secured by the previously recorded instruments to which they pertain and that no further advances were made by the mortgagee herein other than as is specified in said instrument.

(6) THAT this Affidavit is made to induce the State Tax Commission and the office of the Kings County Register/Clerk to accept the instruments presented herein, together with payment of the mortgage tax thereon as set forth herein, and record and/or file the within instruments without requiring any mortgage tax other than the aforesaid sum under the provisions of the Tax Law relating to exemptions of mortgage tax.

Scott Kushnick,

Sworn to before me this 
May 26, 2016

Notary Public

KELLY OBRIEN 
Notary Public, State of New York 
Reg. No. 01OB6211041 
Qualified in Kings County 
Commission Expires 09/08/20__

I

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2018011201834001001E8BC6

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 6 |
|---|---|---|
| **Document ID:** 2018011201834001 | Document Date: 11-30-2017 | Preparation Date: 01-12-2018 |
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 4 | | |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| SERVICELINK EAST | SERVICELINK EAST |
| 1355 CHERRINGTON PARKWAY | 1355 CHERRINGTON PARKWAY |
| MOON TOWNSHIP, PA 15108 | MOON TOWNSHIP, PA 15108 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1498 | 54 | Entire Lot | 769 MAC DONOUGH STREET |
| Property Type: DWELLING ONLY - 4 FAMILY | | | | |

**CROSS REFERENCE DATA**

CRFN: 2016000222783
☒ Additional Cross References on Continuation Page

**PARTIES**

| **ASSIGNOR/OLD LENDER:** | **ASSIGNEE/NEW LENDER:** |
|---|---|
| GENESIS CAPITAL | GOLDMAN SACHS BANK USA |
| 21650 OXNARD STREET SUITE 1700 | 200 WEST STREET |
| WOODLAND HILLS, CA 91367 | NEW YORK, NY 10282 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed      01-16-2018 13:27 | | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 60.00 | **2018000017051** | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM

NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2018011201834001001C8946

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)**     **PAGE 2 OF 6**

Document ID: 2018011201834001
Document Type: ASSIGNMENT, MORTGAGE

Document Date: 11-30-2017

Preparation Date: 01-12-2018

**CROSS REFERENCE DATA**
**CRFN:** 2016000222784

FILED: KINGS COUNTY CLEK. 08/30/2018 01:42 PM

NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

**RECORDING REQUESTED BY:**

ServiceLink
1355 Cherrington Parkway
Coraopolis, PA 15108

**WHEN RECORDED, RETURN TO:**

U.S. Bank National Association
1133 Rankin Street, Suite 100
St. Paul, Minnesota 55116
Attention: Sorell E. Elbert

APN: BLOCK 1498, LOT 54                  (Space Above For Recorder's Use)

## OMNIBUS ASSIGNMENT OF MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, AND ALL OTHER RELATED LOAN DOCUMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the undersigned, having an address at c/o Genesis Capital, Attention: Lending Department, 21650 Oxnard Street, Suite 1700, Woodland Hills, California 91367 (collectively, "Assignor") hereby grants, sells, transfers, assigns, delivers and conveys to GOLDMAN SACHS BANK USA, a New York State-chartered bank, having an address at 200 West Street, New York, New York 10282-2198, together with its successors and assigns ("Assignee"), without recourse to Assignor and without representations, warranties or covenants, express or implied, by Assignor (except as set forth in that certain Purchase Agreement dated as of August 21, 2017 by and among Broad Street Principal Investments, L.L.C., Goldman Sachs Bank USA, Genesis Capital Holdings DE, LLC, Genesis Capital Mortgage Fund II, LLC, Genesis Capital Master Fund II, LLC, Genesis Capital Master Fund III, LLC, Genesis Capital Master Fund IIIA, Genesis Capital Master Fund IV, LLC, Genesis Capital Master Fund IVA, LLC, Genesis Capital Master Fund V, LLC, Genesis Capital Master Fund VA, LLC, Genesis Capital Master Fund VI, LLC, Genesis Capital Master Fund VII, LLC, Genesis Capital Master Fund VIIA, LLC, Genesis Capital Master Fund VIII, LLC, and Genesis Capital Master Fund VIIIA, LLC), all right, title and interest of Assignor in and to (a) that certain loan (Loan No. 2015002364) in the original principal amount of 720,000 (the "Loan") made by Genesis Capital Master Fund II, LLC ("Original Lender") to 769 M, LLC ("Borrower") and (b) the promissory note, loan agreement, security instruments, assignment of leases and rents, hazardous substances indemnity agreement, guaranty(ies), fixture filing (if applicable), pledge agreement (if applicable) and each other document, agreement, certificate and instrument with respect to the Loan creating or relating to obligations of the Borrower with respect to such Loan or the collateral security for such Loan, together with all written modifications, riders, amendments, allonges, addenda, exhibits and assignments thereto (collectively, the "Loan Documents"), including without limitation, the following instrument(s) recorded in the real property records of Kings, NY as the same may have been assigned by Original Lender to Assignor or otherwise

365164981
#90132670v2

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM

NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

amended from time to time and which encumber that certain real property located at 769 MacDonough Street as more particularly described on Exhibit A attached hereto:

1.     Document:                MORTGAGE
        Date of Instrument:      05/26/16
        Date of Recording:      06/30/16
        Inst/Ref Number:       2016000222783

2.     Document:                ASSIGNMENT OF LEASES AND RENTS
        Date of Instrument:      05/26/16
        Date of Recording:      06/30/16
        Inst/Ref Number:       2016000222784

*[Remainder of page intentionally left blank]*

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM  INDEX NO. 517734/2018

NYSCEF DOC. NO. 2  RECEIVED NYSCEF: 08/30/2018

**IN WITNESS WHEREOF**, Assignor has executed this Assignment as of the date first above written.

ASSIGNOR:

Genesis Capital Master Fund II, LLC,
Genesis Capital Master Fund III A, LLC,
Genesis Capital Master Fund IV A, LLC,
Genesis Capital Master Fund V A, LLC,
Genesis Capital Master Fund VII A, LLC,
Genesis Capital Master Fund VIII A, LLC,
each a Delaware limited liability company

By: _____

Name: _____
       ~~Ronald Saltonade~~

Its:  Authorized Signatory

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF LOS ANGELES )

On 11-30, 2017, before me, Thomas Gallagher Notary Public, personally appeared Ronald Saltonade, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          (Seal)



THOMAS GALLAGHER
Notary Public - California
Los Angeles County
Commission # 2166833
My Comm. Expires Oct 30, 2020

76516498.2
#90157670v2

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM   INDEX NO. 517734/2018

NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 08/30/2018

Exhibit A

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of MacDonough Street, distant 200 feet westerly from the corner formed by the intersection of the northerly side of MacDonough Street and the westerly side of Hopkinson Avenue;

RUNNING THENCE northerly parallel with Hopkinson Avenue and part of the distance through a party wall 100 feet;

THENCE westerly parallel with MacDonough Street 17 feet 6 inches;

THENCE southerly parallel with Hopkinson Avenue 100 feet to the northerly side of MacDonough Street; and

THENCE easterly along the northerly side of MacDonough Street 17 feet 6 inches to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Said Premises being known as 769 MacDonough Street Brooklyn NY and Section: 06 Block: 1498 Lot: 54

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM        INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 08/30/2018

## ASSIGNMENT OF MORTGAGE

*Know That*

**GOLDMAN SACHS BANK USA,** a New York chartered bank with an address in care of Genesis Capital at 21650 Oxnard Street, Woodland Hills, CA 91367 ("Assignor")

in consideration of the principal sum of Seven Hundred Twenty Thousand and 00/100 ($720,000.00) Dollars, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, paid to it by

**ALBANY AVENUE PARTNERS LLC,** with an address at 7 Marcus Drive, Monsey, New York 10952 ("Assignee")

hereby assigns unto the Assignee, its successors and/or assigns as their interests may appear, all of the right, title and interest of Assignor in and to that certain:

> Mortgage dated May 26, 2016 in the original principal amount of $720,000.00 made by 769 M LLC to Genesis Capital Master Fund II, LLC, a Delaware limited liability company, a California finance lender (60DBO-35925) and recorded in the Office of the New York City Register, Kings County (the "Register's Office") on June 30, 2016 at CRFN #2016000222783 (the "Mortgage");

> which Mortgage was assigned to Assignor by Assignment of Mortgage made by Genesis Capital Master Fund II, LLC dated on or about November 30, 2017 and recorded in the Register's Office on January 16, 2018 at CRFN #2018000017051;

TOGETHER with the bond(s) or note(s) or obligation(s) described in aforesaid Mortgage, and the moneys due and to grow due thereon with interest;

TO HAVE AND TO HOLD the same unto the Assignee and to the successors, legal representatives and assigns of the Assignee forever.

The word "Assignor" or "Assignee" shall be construed as if it read "Assignors" or "Assignees" whenever the sense of this instrument so requires.

This Assignment is not subject to the requirement of Section 275 of the Real Property Law because it is within the secondary mortgage market.

(the bottom of this page is intentionally blank)

1

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

IN WITNESS WHEREOF, Assignor has duly executed this Assignment as of
August 2, 2018.

ASSIGNOR:

**GOLDMAN SACHS BANK USA**

by:

Name:
Title:         Scott Sawyer
               Authorized Signatory

State of California          )
                             ) ss.:
County of Los Angeles        )

On  July 30         , 2018, before me, M. Joyce Sotero,
Notary Public, personally appeared Scott Sawyer         , who proved to me on the basis
of satisfactory evidence to be the person whose name is subscribed to the within instrument
and acknowledged to me that he executed same in his authorized capacity, and that by his
signature on the instrument, the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under the PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (seal)

M. JOYCE SOTERO
Notary Public - California
Los Angeles County
Commission # 2168832
My Comm. Expires Oct 21, 2020

2

FILED: KINGS COUNTY CLE... 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018
RECEIVED NYSCEF: 08/30/2018

## ASSIGNMENT OF MORTGAGE

dated: as of August 2, 2018

from

**GOLDMAN SACHS BANK USA,**
with an address in care of Genesis Capital at
21650 Oxnard Street
Woodland Hills, CA 91367
("Assignor")

to

**ALBANY AVENUE PARTNERS LLC,**
with an address at
7 Marcus Drive
Monsey, New York 10952
("Assignee")

## LOCATION OF PREMISES:

| | |
|---|---|
| Street Address: | 769 MacDonough Street |
| Borough of: | Brooklyn |
| City of: | New York |
| County of: | Kings |
| State of: | New York |
| Block: | 1498 |
| Lot: | 54 |

### After recording, please return to:

ALBANY AVENUE PARTNERS LLC
7 Marcus Drive
Monsey, New York 10952

3

FILED: KINGS COUNTY CLE.. 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018

RECEIVED NYSCEF: 08/30/2018

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

*Know That*

**GOLDMAN SACHS BANK USA,** a New York chartered bank with an address in care of Genesis Capital at 21650 Oxnard Street, Woodland Hills, CA 91367 ("Assignor")

In consideration of Ten and 00/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, paid to it by

**ALBANY AVENUE PARTNERS LLC,** with an address at 7 Marcus Drive, Monsey, New York 10952 ("Assignee")

hereby assigns unto the Assignee, its successors and/or assigns as their interests may appear, all of the right, title and interest of Assignor in and to that certain:

> Assignment of Leases and Rents made by 789 M LLC to Genesis Capital Master Fund II, LLC dated May 26, 2016 and recorded in the Office of the New York City Register, Kings County (the "Register's Office") on June 30, 2016 at CRFN #2016000222784 ("ALR");

> which ALR was assigned to Assignor by Assignment made by Genesis Capital Master Fund II, LLC dated on or about November 30, 2017 and recorded in the Register's Office on January 16, 2018 at CRFN #2018000017051;

**TO HAVE AND TO HOLD** the same unto the Assignee and to the successors, legal representatives and assigns of the Assignee forever.

This Assignment is made without any representation or warranty whatsoever by Assignor.

The word "Assignor" or "Assignee" shall be construed as if it read "Assignors" or "Assignees" whenever the sense of this instrument so requires.

(the bottom of this page is intentionally blank)

1

IN WITNESS WHEREOF, Assignor has duly executed this Assignment (as of ~~EFFECTIVE~~ (e)
August 2, 2018.

ASSIGNOR:

**GOLDMAN SACHS BANK USA**

by: _____

Name:
Title:          Scott Sawyer
                Authorized Signatory

State of California      )
                         ) ss.:
County of Los Angeles    )

On ___JULY 30___, 2018, before me, M. Joyce Sotero,
Notary Public, personally appeared SCOTT SAWYER, who proved to me on the basis
of satisfactory evidence to be the person whose name is subscribed to the within instrument
and acknowledged to me that he executed same in his authorized capacity, and that by his
signature on the instrument, the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under the PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (seal)

M. JOYCE SOTERO
Notary Public - California
Los Angeles County
Commission # 2168832
My Comm. Expires Oct 21 2020

2

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                       RECEIVED NYSCEF: 08/30/2018

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

dated: as of August 2, 2018

from

**GOLDMAN SACHS BANK USA,**
with an address in care of Genesis Capital at
21650 Oxnard Street
Woodland Hills, CA 91367
("Assignor")

to

**ALBANY AVENUE PARTNERS LLC,**
with an address at
7 Marcus Drive
Monsey, New York 10952
("Assignee")

### LOCATION OF PREMISES:

| | |
|---|---|
| Street Address: | 769 MacDonough Street |
| Borough of: | Brooklyn |
| City of: | New York |
| County of: | Kings |
| State of: | New York |
| Block: | 1498 |
| Lot: | 54 |

**After recording, please return to:**

ALBANY AVENUE PARTNERS LLC
7 Marcus Drive
Monsey, New York 10952

3

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM   INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.:

## EXTENSION AGREEMENT

This Extension Agreement, dated 11/21/2016 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as Instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

NOW, THEREFORE, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **01/01/2017** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.00% of the original principal balance of the Loan in the sum of $0.00, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

NOW THEREFORE, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company

By: Scott Kushnick ,          Date

By: Avraham Tarshish, Member      Date

LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")

By:                11.28.16
               Date

Its: AUTHORIZED SIGNATORY

PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                       RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.: ',
Servicing Loan No.: '

# EXTENSION AGREEMENT

This Extension Agreement, dated 12/27/2016 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

NOW, THEREFORE, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. MATURITY DATE. The maturity date as defined in the under section titled "PAYMENT", is hereby extended to 02/01/2017 (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. LOAN EXTENSION FEE. The loan extension fee shall be equal to 0.00% of the original principal balance of the Loan in the sum of $0.00, which shall be due and payable upon Maturity Date.

3. NO OTHER CHANGES TO THE NOTE. Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

NOW THEREFORE, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                     RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company


By: Scott Kushnick ,                                  Date

By: Avraham Tarshish, Member                          Date    1/17/14


LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")


By:                                                   Date


Its:

PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM                    INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                                RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.:

# EXTENSION AGREEMENT

This Extension Agreement, dated 02/17/2017 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

NOW, THEREFORE, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **06/01/2017** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.50% of the current principal balance of the Loan in the sum of $3,100.00, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

NOW THEREFORE, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                       RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company

By: Scott Kushnick ,                          Date

By: Avraham Tarshish, Member                  Date

LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")

By:                                           Date

Its:

PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM          INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.: ′

# EXTENSION AGREEMENT

This Extension Agreement, dated 05/31/2017 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

**NOW, THEREFORE**, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **09/01/2017** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.50% of the current principal balance of the Loan in the sum of $3,100.00 (which will be prorated on a per-diem basis and calculated at the time of payoff), which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

**NOW THEREFORE**, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM        INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                     RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M LLC, a New York Limited Liability Company

By: Scott Kushnick ,                                 Date

_____              _____
By: Avraham Tarshish, Member                         Date

LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")

_____              _____
By:                                                  Date

Its: _____

PNEA.rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM   INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.: (

# EXTENSION AGREEMENT

This Extension Agreement, dated 08/30/2017 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

NOW, THEREFORE, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **10/01/2017** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.3334% of the current principal balance of the Loan in the sum of $2,067.08, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

NOW THEREFORE, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNBA rev. 20151230

Case 1:19-cr-00408-MKB  Document 258-6  Filed 09/20/22  Page 72 of 82 PageID #: 1839

BORROWER: 769 M, LLC, a New York Limited Liability Company

_____          _____
By: Scott Kushnick ,                                Date


_____          _____
By: Avraham Tarshish, Member                        Date


LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")


_____          _____
By:                                                 Date


Its: _____


PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
NYSCEF DOC. NO. 2

INDEX NO. 517734/2018
RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company

By: Scott Kirshnik                                    Date

By: Avraham Tarshish, Member                          Date

LENDER: Genesis Capital Master Fund IVA, LLC,
a Delaware Limited Liability Company,
a California Finance Lender (603HO-13025),
(together with its successors and/or assigns, the "Lender")

By:                                                   Date

Its:

#NBA_ACT_21831240

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM        INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.:

# EXTENSION AGREEMENT

This Extension Agreement, dated 10/30/2017 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

**NOW, THEREFORE**, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **12/01/2017** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.3334% of the current principal balance of the Loan in the sum of $2,067.08, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

**NOW THEREFORE**, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company

_____            10/31/17
By: Scott Kushnick ,                                 Date


_____
By: Avraham Tarshish, Member                         Date


LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")


_____
By:                                                  Date


Its: _____

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.:

# EXTENSION AGREEMENT

This Extension Agreement, dated 11/212017 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54.

**NOW, THEREFORE,** in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **01/01/18** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.1667% of the current principal balance of the Loan in the sum of $1,033.54, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

**NOW THEREFORE,** Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNHA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM        INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company

_____        _____
By: Scott Kushnick,                                Date


_____        _____
By: Avraham Tarshish, Member                       Date


LENDER: Genesis Capital Master Fund IVA, LLC,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")


_____        _____
By:                                                Date


Its: _____

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM        INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.:

# EXTENSION AGREEMENT

This Extension Agreement, dated 12/20/2017 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

**NOW, THEREFORE**, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **02/01/18** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.1667% of the current principal balance of the Loan in the sum of $1,032.92, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

**NOW THEREFORE**, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM    INDEX NO. 517734/2018
NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 08/30/2018

BORROWER: 769 M, LLC, a New York Limited Liability Company

_____          _____
By: Scott Kushnick ,                        Date


_____          _____
By: Avraham Tarshish, Member                Date


LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")


_____          _____
By:                                         Date


Its: _____

PNEA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
Case 1:19-cr-00408-MKB Document 258-6 Filed 09/20/22 Page 80 of 82 PageID #: 1847
INDEX NO. 517734/2018

NYSCEF DOC. NO. 2
DocuSign Envelope ID: F05EA994-5356-4E05-9D5B-73C3C550394F
RECEIVED NYSCEF: 08/30/2018

Genesis Loan No.:
Servicing Loan No.:

# EXTENSION AGREEMENT

This Extension Agreement, dated 02/07/2018 ("Effective Date"), is made and executed by and between Genesis Capital Master Fund IVA, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ("Lender") and 769 M, LLC, a New York Limited Liability Company ("Borrower").

Lender and Borrower are parties to a Promissory Note dated 05/26/2016 in the original amount of $720,000.00 ("Note") secured by a Mortgage dated 05/26/2016 ("Mortgage") recorded as instrument number 2016000222783 on 06/30/2016 by securing property described as 769 MacDonough Street, Brooklyn, NY 11233 with APN Block: 1498, Lot: 54 .

**NOW, THEREFORE**, in exchange for the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and accepted, the parties agree as follows:

1. **MATURITY DATE.** The maturity date as defined in the under section titled "PAYMENT", is hereby extended to **05/01/18** (the "Maturity Date"), on which date all principal and accrued interest remaining outstanding shall be paid by Borrower in full.

2. **LOAN EXTENSION FEE.** The loan extension fee shall be equal to 0.50% of the current principal balance of the Loan in the sum of $3,100.00, which shall be due and payable upon Maturity Date.

3. **NO OTHER CHANGES TO THE NOTE.** Except as expressly modified by this Extension Agreement, Borrower and Lender mutually covenant and agree that the terms of said are hereby amended in the particulars only, shown in the items above, and that all other provisions of the are unmodified and continue in full force and effect.

**NOW THEREFORE**, Borrower and Lender have executed this Extension Agreement as of the date set forth above.

PNBA rev. 20151230

FILED: KINGS COUNTY CLERK 08/30/2018 01:42 PM
INDEX NO. 517734/2018
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 08/30/2018

DocuSign Envelope ID: F05EA994-5356-4E05-9D5B-73C3C550394F

BORROWER: 769 M, LLC, a New York Limited Liability Company

DocuSigned by:

*Scott Kushnick*

By: Scott Kushnick ,                                    2/12/2018

                                                        Date

By: Avraham Tarshish, Member                            Date

LENDER: Genesis Capital Master Fund IVA, LLC ,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925),
(together with its successors and/or assigns, the "Lender")

DocuSigned by:

*Scott Sawyer*

By:                                                     2/12/2018

                                                        Date

        Authorized
Its: Signatory

PNBA rev. 20151230