SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------X   INDEX NO.
ALBANY AVENUE PARTNERS LLC,                   517734/2018

           Plaintiff,                       NOTICE OF ENTRY

  -against-

769 M LLC, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, JOSEPH FREUND, 299 VAN BUREN INVESTORS LLC,

           Defendants.
------------------------------------------X

      PLEASE TAKE NOTICE that the within is a true copy of an **Order granting Judgment of Foreclosure and Sale,** duly entered in the office of the clerk of the within named Court on September 9, 2021.

Dated: Kew Gardens, New York
       October 19, 2021

                          LAW OFFICES OF ALAN J. WAINTRAUB PLLC
                          Attorneys for the Plaintiff

                          By: _/s/ Alan W._____
                          Alan J. Waintraub, Esq.
                          125-10 Queens Blvd., Suite 311
                          Kew Gardens, New York 11415

At IAS Part ____ of the Supreme Court of the State of New York held in and for the County of Kings at the Courthouse thereof on the ___ day of September, 2021.

PRESENT:

Honorable **HON. REGINALD A. BODDIE**
_____ J.S.C.

----------------------------------------X

ALBANY AVENUE PARTNERS LLC,

           Plaintiff,

-against-

769 M LLC, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, JOSEPH FREUND, 299 VAN BUREN INVESTORS LLC,

           Defendants.

----------------------------------------X

INDEX NO.: 517734/2018

**JUDGMENT OF FORECLOSURE AND SALE**

UPON the Summons and Complaint duly filed in the office of the Clerk of the County of Kings on August 30, 2018; the Notice of Pendency of action duly filed in the office of the Clerk of the County of Kings on August 30, 2018; the Order Granting Summary Judgment entered February 6, 2020 and all proceedings thereon; the Report of Amount Due of Stephen Barbaro, Esq., as Referee, dated March 11, 2021 and on reading and filing the Affirmation of Alan J. Waintraub, Esq., counsel for Albany Avenue Partners LLC ("Plaintiff"), dated April 7, 2021, and the exhibits annexed thereto; from which it appears that each of the defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys; and stating that more than the legally required number of days had elapsed since said defendants were so served and/or appeared; and that 769 M LLC, Criminal Court of the City of New York, New York City Environmental Control Board and 299 Van Buren Investors LLC have not answered the verified complaint or moved with respect thereto and the time to do so has expired; and that the Complaint herein and Notice of Pendency containing

all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Kings on August 30, 2018 and has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the Note and Mortgage, as extended, set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in one parcel;

AND, on reading the Report of Stephen Barbaro, Esq., the Referee named in said Order Granting Summary Judgment and Appointing Referee to Compute, by which Report, dated March 11, 2021, attached hereto, it appears that the sum of **$1,005,947.53** with interest was due through February 14, 2020, and that the mortgaged premises should be sold in one parcel;

NOW, upon proof of due notice of this application upon Defendants who had not waived the same, and upon proof of service of the Summary Judgment as provided therein,

ON MOTION of Alan J. Waintraub, Esq., a partner of Law Offices of Alan J. Waintraub PLLC, attorneys for Plaintiff, dated April 7, 2021, together with the exhibits annexed thereto, to foreclose a certain commercial mortgage on real property situated in the County of Kings, State of New York, at 769 MacDonough Street, Brooklyn, New York 11233 (Block 1498, Lot 54) by reason of certain defaults as alleged in the Complaint; and it appearing that this motion regularly came before the undersigned Justice on HON. REGINALD A. BODDIE , and due deliberation having been had thereon, it is

**ORDERED** that the Plaintiff's motion for a Judgment of Foreclosure and Sale is hereby granted in its entirety; and it is further

**ORDERED** that the Report of Stephen Barbaro, Esq, Referee, dated March 11, 2021, is hereby ratified and confirmed in all respects; and it is further

**ORDERED** that the above described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as

2

provided by the Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel, at public auction in Room 224 of the Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 2:30 P.M., by and under the direction of Stephen Barbaro, Esq, who is appointed referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL § 231 in *Brooklyn Daily Eagle*; and it is further

**ORDERED** that if the Referee does not conduct the sale within 90 days of the date of the judgment in accordance with CPLR 2004, the time fixed by RPAPL § 1351 (1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

**ORDERED** that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

**ORDERED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title <u>only</u> to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the

parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court, and, it is further

**ORDERED** that the Referee shall deposit all funds received pursuant to this Order in his/her own name in Referee's IOLA account maintained for legal clients at a bank within the City of New York or in an FDIC insured bank of the Referee's choice within the City of New York~~ or in _____ Bank;~~ and it is further

**ORDERED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment and shall thereafter make the following payments in accordance with RPAPL § 1354, and his/her checks drawn for that purpose shall be paid by said depository:

**FIRST**: The statutory fees of said Referee pursuant to CPLR § 8003(b), which shall not exceed $500 unless the sales price (the amount of the accepted bid) exceeds $50,000. In the event that the sales price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $500 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the report of sale. The five day period for payment of surplus money into Court as set forth in RPAPL §

4

1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the report of sale shall be deemed extended pending the decision of the Court regarding such application.

In the event that a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of the sale as a cost to Plaintiff. This order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $550, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provision of Section 36.4 of the Rules of the Chief Judge.

**SECOND:** The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale **and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of the deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser** *and any title company hired by the purchaser* **shall be responsible for any penalties or fees incurred as a result of a late payment of the tax as required pursuant to the City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Referee harmless from any such penalties accessed as a result of late payment of these taxes.**

**THIRD:** Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed

5

mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:** Said Referee shall then pay to Plaintiff or its attorney the sum of $ $1,645 or costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $ _____ hereby awarded to Plaintiff in addition to costs, with interest thereon from the date hereof, and also the sum of **$1,005,947.53** the said amount so reported due as aforesaid minus the amounts due for taxes and insurance, together with interest thereon pursuant to the Note, from February 14, 2020 the date interest was calculated to in said report, to the date of entry of this Order, and thereafter at the rate of interest agreed upon by the parties to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $ 5,000 hereby awarded to Plaintiff as reasonable legal fees, together with any advances as provided for in the Notes and Mortgages, as extended, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage, as extended, as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED** that transfer tax is not a lien upon the property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds. Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED** that in case Plaintiff be the purchaser of said mortgaged premises at said sale,

6

said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provision marked "FIRST", "SECOND" and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates and priority liens of a city agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354(3), which payment shall be reported in the Referee's report of sale. Any surplus remaining thereafter shall be deposited into Court in accordance with RPAPL § 1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by the Plaintiff at the time of sale; and it is further

**ORDERED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit to this action, to be withdrawn only upon the order of the court, signed by a Justice of the Court; that said Referee

7

make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payment was made and file it with the Kings County Clerk with a copy to the Chambers of the Appointing Justice within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff shall recover from defendant, 769 M LLC, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the RPAPL within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED** that each and all of the defendants in this action and all persons claiming under them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would disclose; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any,

8

any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior liens or record, if any, except those liens addressed in Section 1354 of the RPAPL; any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED** that in the absence of the Referee, the Court may designate a substitute referee forthwith; and it is further

**ORDERED** that the referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED** that a copy of this judgment with notice of entry shall be served upon the owner of the equity of redemption as to the date of this order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale, and it is further

**ORDERED** that Plaintiff shall serve a copy of the notice of sale upon the Ex-parte Office at least ten (10) days prior to the scheduled sale.

ENTER,

_____
J.S.C.

HON. REGINALD A. BODDIE
J.S.C.

_____
NANCY T. SUNSHINE
Clerk

Title No.: MTANY-130889

## SCHEDULE A

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of MacDonough Street, distant 200 feet westerly from the corner formed by the intersection of the northerly side of MacDonough Street and the westerly side of Hopkinson Avenue;

RUNNING THENCE northerly parallel with Hopkinson Avenue and part of the distance through a party wall 100 feet;

THENCE westerly parallel with MacDonough Street 17 feet 6 inches;

THENCE southerly parallel with Hopkinson Avenue 100 feet to the northerly side of MacDonough Street; and

THENCE easterly along the northerly side of MacDonough Street 17 feet 6 inches to the point or place of BEGINNING.

NOTE: Being Block(s) 1498, Lot(s) 54, Tax Map of the Borough of Brooklyn, County of Kings.

NOTE: Lot and Block shown for informational purposes only.

Issued by:
Madison Title Agency, LLC
1125 Ocean Avenue, Lakewood, NJ 08701
Telephone: 732-905-9400 Fax: 732-905-9420

130889/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
ALBANY AVENUE PARTNERS LLC,

                     Plaintiff,

-against-

769 M LLC, CRIMINAL COURT OF THE CITY OF NEW YORK,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,
CITY OF NEW YORK DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, JOSEPH FREUND,
299 VAN BUREN INVESTORS LLC

                     Defendants.
-----------------------------------------------------------X

INDEX NO.: 517734/2018

COSTS OF PLAINTIFF

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | $200.00 | Fee for Index Number CPLR §801R (o) | $400.00 |
| Allowance by statute CPLR §8302(a),(b) | $150.00 | Clerk's fee, filing notice of ped. CPLR §8021(a) 10 | $35.00 |
| Additional Allowance CPLR §8302(d) | $50.00 | Paid for Searches CPLR §8301(H)10 | ~~$435.50~~ 300. |
| Motion Costs CPLR §8202 | ~~$135.00~~ 180. | Serving copy of Summons and Complaint §8011(h)(1), 8301(d) | ~~$345.00~~ 170. |
| | | Request for Judicial Intervention | $95.00 |
| | | Referee's fees CPLR §8301(a)(1), 8003(a) | ~~$250.00~~ 50. |
| | | | 15 |
| COSTS | ~~$535.00~~ 580. POSTAGE | | |
| DISBURSEMENTS | ~~$1,560.50~~ 1065. | | |
| TOTAL | ~~$2,095.50~~ $1,645. | | |

STATE OF NEW YORK,
COUNTY OF QUEENS

ATTORNEY'S AFFIRMATION

      The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is a partner with the firm Law Offices of Alan J. Waintraub PLLC, the attorney(s) for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: April 8, 2021

Costs at $1,645.
This 9th day of September 2021
Nancy T. Sunshine
Clerk of Court Kings County
NANCY T. SUNSHINE
Clerk

Alan J. Waintraub, Esq.

FILED
KINGS COUNTY CLERK
2021 SEP -9 AM 11:11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X

ALBANY AVENUE PARTNERS LLC,  INDEX NO. 517734/2018

                              Plaintiff,  ATTORNEY AFFIDAVIT OF MAILING

- against -

769 M LLC, et al.,

                             Defendants.
----------------------------------------X
STATE OF NEW YORK)
COUNTY OF QUEENS )

    I, Alan J. Waintraub, being duly affirmed, deposes and says:

    I am not a party to the action, am over 18 years of age and I am employed by LAW OFFICES OF ALAN J. WAINTRAUB PLLC, attorneys for the above named plaintiff.

    On October 19, 2021, I served a copy of the within Notice of Entry for Judgment of Foreclosure and Sale by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal service within New York State, addressed to each of the following persons at the last known address set forth after each name:

769 M LLC
*Defendant*
c/o Secretary of State
99 Washington Avenue
Albany, New York 12231

Raphael A. Weitzner, Esq.
*Attorneys for Defendant – Joseph Freund*
89 Broadway, Suite 203
Brooklyn NY 11249

Criminal Court of the City of New York
*Defendant*
25 Beaver Street
11th Floor
New York, New York 10004

New York City Environmental Control Board
*Defendant*
100 Church Street
4th Floor
New York, New York 10007

299 Van Buren Investors LLC
*Defendant*
c/o Harvard Business Services, Inc.
16192 Coastal Highway
Lewis, Delaware 19958

Stephen Barbaro, Esq.
*Referee*
26 Court Street, Suite 1812
Brooklyn, New York 11242

         __*Alan Waintraub*_____
         Alan J. Waintraub