SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ALBANY AVENUE PARTNERS LLC,

          Plaintiff,

   -against-

769 M LLC, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, JOSEPH FREUND, 299 VAN BUREN INVESTORS LLC,

          Defendants.
------------------------------------------------------------------------X

INDEX NO.
517734/2018

TERMS OF SALE

  The premises described in the annexed advertisement of sale (the "Premises"), will be sold under the direction of STEPHEN BARBARO, Esq. Referee, upon the following terms:

1st  Ten percent of the purchase price of said premises based on the struck down bid at the auction (the "Purchase Price") will be required to be paid in cash, bank or certified check payable to the order of STEPHEN BARBARO, ESQ., Referee, or such other form acceptable to the Referee, at the time and place of sale, and for which the Referee's receipt will be given (the "Initial Payment").

2nd  The residue of said purchase money will be required to be paid by bank or certified check payable to the order of the Referee or such other form acceptable to the Referee, whose office is located at 26 Court Street, Suite 1812, Brooklyn, New York 11242, on April 23, 2022 at 12:30 PM when the referee's deed will be ready for delivery (hereinafter the "Closing Date"). Except as provided for herein, TIME IS OF THE ESSENCE with respect to the Closing Date as to the Purchaser only.

3rd  The Referee is not required to send any notice to the Purchaser and if Purchaser neglects to call or fails to appear, ready, willing and able to complete the purchase at the time and place above specified to receive the deed, the Purchaser will be in default of its obligations hereunder.

4th  In the event that the Plaintiff shall in its sole and absolute discretion, agree to extend the Closing Date, it shall not be extended for more than thirty (30) calendar days (hereinafter referred to as the "Extended Date") and such extension shall be granted only on the following terms and conditions: (a) Purchaser shall pay to the Plaintiff or its assignees in cash, bank or certified check interest at the rate of nine percent (9%) per annum on the total Purchase Price during the period of such extension (in no event shall the rate of interest charged hereunder be in excess of the maximum rate provided by applicable law); (b) Purchaser shall pay all costs and expenses incurred by the Plaintiff in connection with the granting of said extension; (c) Purchaser shall assume all responsibility for the common charges, taxes, insurance and other costs or payments of any kind required to be paid by the Referee herein and the risk of loss or damage from any cause whatsoever

during the period of such extension; (d) TIME SHALL BE OF THE ESSENCE with respect to the Extended Date as to the Purchaser only.

5th  The premises will be sold subject to all liens, taxes, assessments, water rates and other encumbrances which, at the time of the public auction and/or at the time of sale, are liens upon said premises. The successful purchaser will not be entitled to use any portion of the purchase price to remove any such liens, taxes, assessments, water rates and other encumbrances on the subject premises. In the event that the plaintiff shall have advanced monies for taxes, assessments, water charges, sewer rents or hazard insurance covering a period which is later in time than the foreclosure sale date, Purchaser herein agrees to reimburse plaintiff for such advances.

6th  The Purchaser of said premises, or any portion thereof, will, at the time and place of sale, sign a memorandum of his purchase, and an agreement to comply with the terms and conditions of sale herein contained.

7th  In case any Purchaser shall fail to comply with any of the above conditions of sale, the premises so struck down to him will be again put up for sale under the direction of the Referee under these same terms of sale, and in addition to any other liability of the Purchaser hereunder, such Purchaser will be held liable for any deficiency there may be between the Purchase Price on the sale and the Purchase Price on the resale and also for any costs or expenses occurring on such re-sale, including but not limited to Plaintiff's reasonable attorney's fees, disbursements and advertising costs.

8th  In the event the Purchaser fails for any reason to comply in any way with these Terms of Sale, then the Purchaser shall have no further rights to any monies (including without limitation the Initial Payment and any payment made in connection with an extension) deposited with the Referee (the "Partial Payment"), and the Referee is directed to tender the Partial Payment to plaintiff within ten (10) days of the date of Purchaser's default, which sum shall reduce the amount which defendant Mortgagor owes to the Plaintiff, including but not limited to any and all additional expenses arising out of Purchaser's failure to comply with these Terms of Sale.

9th  Notwithstanding any provision contained herein to the contrary, in the event the title is unable to be conveyed for whatever reason whatsoever, except for the default of the Purchaser, the Purchaser's sole remedy shall be a return of the Initial Payment or Partial Payment. In that event, the Purchaser shall have no further rights against the Referee or the Plaintiff.

10th The Purchaser will execute any and all documents required by the Referee in connection with this transfer, including, without limitation, Real Property Transfer Tax forms, New York State Transfer Gains Tax forms, New York State Equalization forms and indemnity agreements.

11th All deed stamps, transfer taxes and recording fees, if any shall be paid by the Purchaser.

12th The Premises are sold "AS IS" as of the date of the later to occur of the Closing Date or the Extended Date.

13th The property will also be sold subject to:

(a) The state of facts an accurate survey will show;
(b) All covenants, restrictions, easements, declarations, rights of way, agreements and reservations, if any, of record and to any and all violations thereof;
(c) Any and all building and zoning regulations, restrictions, ordinances and amendments thereto of the municipality, the State, the Federal Government, or any agency, bureau, commission or department in which said premises are situated, and to any violations or notices of violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;
(d) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same;
(e) Rights of tenants or persons in possession, if any;
(f) Prior mortgages and judgments, if any, now liens of record;
(g) The right of redemption of the United States of America, if any;
(h) Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;
(i) Outstanding condominium charges, if any; and
(j) Any and all Hazardous Materials in the Premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances.

14th The Referee and/or the Plaintiff have not made and do not make any representations as to the physical condition, rents, leases, expenses, operation or any other matter or thing affecting or relating to the premises, except as herein specifically set forth, and the Purchaser hereby expressly acknowledges that no representations have been made.

15th  The Referee and/or the Plaintiff shall not be liable or bound by any verbal or written statements, representations, promises, statements or guaranties, real estate broker's "set-ups" or information pertaining to the premises furnished by any real estate broker, agent, employee or any other person except as specifically set forth herein. The Referee and/or the Plaintiff IS NOT LIABLE FOR ANY EXPRESS OR IMPLIED WARRANTIES, GUARANTIES, PROMISES OR STATEMENTS OF ANY KIND RELATING IN ANY MANNER TO THE PREMISES. All understandings and agreements heretofore had between the parties are merged in these Terms of Sale, which fully and completely express their agreement. These Terms of Sale cannot be changed or terminated orally and cannot be waived orally. These terms of sale shall be binding on the Purchaser(s) and any heirs, successors and assigns thereof.

16th  Any errors or omissions in computing apportionments and/or allocation of closing costs at closing shall be corrected. This provision shall survive CLOSING and delivery of the Referee's Deed.

Dated: March 24, 2022

_____ Referee
STEPHEN BARBARO, Esq.

MEMORANDUM OF SALE  The undersigned has on this the 24th day of March, 2022 purchased the premises described in the  annexed printed advertisement of sale, for the sum of _____Dollars ($          ) and hereby promises and agrees to comply with the terms and conditions of the sale of said premises as above mentioned and set forth.

Dated: March 24, 2022

_____
_____Purchaser
_____Address
_____Address
_____Telephone

Received from purchaser, the sum of _____ Dollars, ($          ), being ten percent on the amount bid by the purchaser for property sold by me under the judgment in the above entitled action.

Dated: March 24, 2022

_____Referee
STEPHEN BARBARO, ESQ.

15th The Referee and/or the Plaintiff shall not be liable or bound by any verbal or written statements, representations, promises, statements or guaranties, real estate broker's "set-ups" or information pertaining to the premises furnished by any real estate broker, agent, employee or any other person except as specifically set forth herein. The Referee and/or the Plaintiff IS NOT LIABLE FOR ANY EXPRESS OR IMPLIED WARRANTIES, GUARANTIES, PROMISES OR STATEMENTS OF ANY KIND RELATING IN ANY MANNER TO THE PREMISES. All understandings and agreements heretofore had between the parties hereto are merged in these Terms of Sale, which fully and completely express their agreement. These Terms of Sale cannot be changed or terminated orally and cannot be waived orally. These terms of sale shall be binding on the Purchaser(s) and any heirs, successors and assigns thereof.

16th Any errors or omissions in computing apportionments and/or allocation of closing costs at closing shall be corrected. This provision shall survive CLOSING and delivery of the Referee's Deed.

Dated: March 24, 2022

                                                       _____Referee
                                                    STEPHEN BARBARO, ESQ.

MEMORANDUM OF SALE   The undersigned has on this the 24tht day of March, 2022 purchased the premises described in the annexed printed advertisement of sale, for the sum of __One Thousand and 00/xx__ Dollars ($ 1,000 00/xx ) and hereby promises and agrees to comply with the terms and conditions of the sale of said premises as above mentioned and set forth.

Dated: March 24, 2022

_____
By: Law Offices of Alan J. Waintraub PLLC
By: Alan Waintraub
125-10 Queens Boulevard, Suite 311
Kew Gardens, New York 11415

Received from purchaser, _____ the sum of _____ Dollars, ($ _____ ), being ten percent on the amount bid by the purchaser for property sold by me under the judgment in the above entitled action.   WAIVED

Dated: March 24, 2022

_____ Referee
STEPHEN BARBARO, ESQ.