Exhibit K

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No. | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|----------|-------------|---------|---------|----------|
| $720,000.00 | 05-26-2016 | 12-1-2016 | 2015002364 | | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** 769 M LLC,
a New York Limited Liability Company
914 Bedford avenue
Brooklyn, New York 11205

**Lender:** Genesis Capital Master Fund II, LLC,
a Delaware Limited Liability Company,
a California Finance Lender (60DBO-35925)
ATTENTION: LENDING DEPARTMENT
21650 Oxnard Street, Suite 1700
Woodland Hills, CA 91367
(818) 661-1778

**Principal Amount:  $720,000.00**          **Interest Rate:  9.500%**          **Date of Note:  May 26, 2016**

**PROMISE TO PAY.**   769 M LLC, a New York Limited Liability Company ("Borrower") promises to pay to Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925) ("Lender"), or order, in lawful money of the United States of America, the principal amount of Seven Hundred Twenty Thousand Dollars ($720,000.00), together with interest on the unpaid principal balance from May 26, 2016, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 9.500%, until paid in full.  The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.**   Borrower will pay this loan in one principal payment of $720,000.00 plus interest on December 1, 2016. This payment due on December 1, 2016, will be for all principal and all accrued interest not yet paid.  In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning July 1, 2016, with all subsequent interest payments to be due on the same day of each month after that.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to any late charges; then to principal; and then to any unpaid collection costs.

**INTEREST CALCULATION METHOD.**   Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this Note is computed using this method.

**RECEIPT OF PAYMENTS.**   All payments must be made in U.S. dollars and must be received by Lender consistent with the following payment instructions: FCI Lender Services, Inc Attention: Loan Servicing 8180 East Kaiser Blvd. Anaheim Hills, CA 92808. Lender may modify these payment instructions by providing updated payment instructions to Borrower in writing.

**PREPAYMENT.**   Borrower may pay without penalty all or a portion of the amount owed earlier than it is due.  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.  Rather, early payments will reduce the principal balance due.  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language.  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender.  All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:   FCI Lender Services, Inc Attention: Loan Servicing 8180 East Kaiser Blvd. Anaheim Hills, CA 92808.

**LATE CHARGE.**   If a payment is 10 days or more late, Borrower will be charged 10.000% of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.**   Upon default, at Lender's option, and if permitted by applicable law, Lender may add any unpaid accrued interest to principal and such sum will bear interest therefrom until paid at the rate provided in this Note (including any increased rate).  Upon default, the interest rate on this Note shall, if permitted under applicable law, immediately increase by 18.000 percentage points.

**DEFAULT.**   Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.**   Borrower fails to make any payment when due under this Note.

**Other Defaults.**   Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.**   Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.**   Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note

or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding six (6) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within five (5) days; or (2) if the cure requires more than five (5) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** To the extent permitted by applicable law, Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of California.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Los Angeles County, State of California.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $45.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**COLLATERAL.** Borrower acknowledges this Note is secured by Real Property Located at: 59-52 Madison Street, Ridgewood, NY 11385.

**ARBITRATION.** Borrower and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Borrower and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Genesis Capital Master Fund II, LLC, a Delaware Limited Liability Company, a California Finance Lender (60DBO-35925), ATTENTION LENDING DEPARTMENT, 21650 Oxnard Street, Suite 1700, Woodland Hills , CA 91367.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

BORROWER:
769 M LLC, A NEW YORK LIMITED LIABILITY COMPANY

By: _____
Scott Kushnick, **Member**

By: _____
Avraham Tarshish, **Member**

LaserPro, Ver. 15.1.10.038 Copr. D+H USA Corporation 1997, 2016. All Rights Reserved. - CA H:\CFI\LPL\D20.FC TR-292 PR-48 (M)

## ALLONGE

Allonge forming a part of that Promissory Note dated May 26, 2016 in the original principal amount of $720,000.00 made by 769 M LLC to Genesis Capital Master Fund II, LLC, a Delaware limited liability company, a California finance lender (60DBO-35925).

Pay to the order of **GOLDMAN SACHS BANK USA**.

Dated: as of November 30, 2017

**GENESIS CAPITAL MASTER FUND II, LLC**

by: _____

Name:
Title:

Scott Sawyer
Authorized Signatory

## ALLONGE

Allonge forming a part of that Promissory Note dated May 26, 2016 in the original principal amount of $720,000.00 made by 769 M LLC to Genesis Capital Master Fund II, LLC, a Delaware limited liability company, a California finance lender (60DBO-35925).

Pay to the order of **ALBANY AVENUE PARTNERS LLC**, its successors and/or assigns, **WITHOUT RECOURSE** and without any representation or warranty of any kind whatsoever, express or implied, or by operation of law.

Dated: as of August 2, 2018

(the remainder of this page is intentionally blank)

**GOLDMAN SACHS BANK USA**

by: _____

Name:
Title:

Scott Sawyer
Authorized Signatory