

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BGK:TRP
F. #2017R01691

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 20, 2022

By ECF

The Honorable Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Iskyo Aronov, et al.
> Criminal Docket No. 19-CR-408 (MKB)

Dear Chief Judge Brodie:

The government respectfully submits this letter in response to the Court's Order to Show Cause entered on September 17, 2022, directing the government to show cause why an order should not be issued, pursuant to New York Civil Practice Laws and Rules ("CPLR") Sections 6501 and 6514, cancelling the *Lis Pendens* filed on the real property located at 120 Marcus Garvey Boulevard, Brooklyn, NY 11206 (the "Subject Property"). Third party claimant, 120 Marcus Garvey LLC, ("Claimant") argues, in sum, that the *Lis Pendens* filed against the Subject Property should be canceled because none of the defendants in the above-referenced case, including Tomer Dafna, have an interest in the Subject Property. As further argued below, the *Lis Pendens* should not be canceled.

First, the law provides that the criminal forfeiture ancillary proceeding is the exclusive forum for third parties, such as the Claimant, to challenge property subject to forfeiture to the United States. Thus, it is the criminal forfeiture ancillary proceeding, not an Order to Show Cause proceeding, that is the proper venue to adjudicate Claimant's interest in the Subject Property. Second, the filing of the *Lis Pendens* was proper since the government is seeking forfeiture of the Subject Property pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and 982(b)(1), 21 U.S.C. § 853(p) and 28 U.S.C. 2461(c), as property, real or personal, constituting, or derived, from proceeds obtained directly or indirectly as a result of the defendants' violation of 18 U.S.C. § 1349.

I.    Factual Background

On or about September 6, 2019, an indictment was returned charging Iskyo Aronov, Michael Konstantinovskiy, Tomer Dafna, Avraham Tarshish and Michael Herskowitz with conspiracy to commit wire fraud and bank fraud, and related wire fraud counts, in connection with a scheme to defraud mortgage lenders, including the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac") and borrowers.

According to the indictment, between December 2012 and January 2019, the defendants conspired to defraud mortgage lenders, misleading them into approving short sale transactions at fraudulently depressed prices. In a short sale, with the approval of the mortgage lender or servicer, a mortgage loan borrower sells his or her property for less than the outstanding balance of the mortgage loan. The proceeds from the short sale, less approved closing costs, are applied to the outstanding mortgage loan balance owed to the lender, who typically agrees to forgive the borrower's remaining mortgage loan balance.

The defendants fraudulently manipulated the short sale process by, among other things, paying homeowners to work with them and failing to disclose this to the mortgage lenders and servicers. The defendants also took steps to preclude other prospective purchasers from making higher offers for properties by failing to market properties as required by the lenders, and by filing fraudulent liens on properties.

As part of the scheme, the defendants provided the mortgage lenders and servicers with false and misleading information in transaction documents and failed to disclose either payments made to the borrower and others related to short sale or contemporaneous agreements to transfer the properties at inflated prices.

As a further part of the scheme, the defendants typically used a limited liability company ("LLC") or corporation to purchase each property acquired in a short sale transaction. In addition to limiting liability, the defendants used LLCs and corporations to disguise the properties' true ownership. For example, during the investigation, agents learned that Aronov began using nominees to create corporate entities to acquire properties that he ultimately owned after a lender flagged transactions that involved him for heightened scrutiny. Also, as described in the Indictment, one of the ways that the defendants were able to hide that they were "flipping" a property for a price higher than the agreed upon short sale price was to transfer ownership of the corporate entity approved to buy a property in a short sale at or around the same time of the closing of the short sale transaction. Ind. ¶¶ 28-29.

The defendants used the proceeds from the scheme to, among other things, purchase additional properties, so that they could renovate and subsequently sell the properties for a profit, using business entities they created to buy and sell real property. As further explained below, the Subject Property was purchased with illegal proceeds of the wire and bank fraud scheme charged in the Indictment.

The government's investigation revealed that the Subject Property was purchased by defendant Tomer Dafna in or about August 2014 with the proceeds from the sale of short sale properties in connection with the charged offenses. As was the usual practice with the defendants, the property was purchased and held in an LLC, 120 Marcus Garvey LLC. Notably, 120 Marcus Garvey LLC is still the titled owner of the Subject Property. According to public records, the sale to Dafna in 2014 was the last publicly recorded sale of the Subject Property. As detailed in Claimant's Motion, there were several convoluted transfers of membership and management of 120 Marcus Garvey LLC. Notably, at one point, Alan Waintraub, Claimant's Counsel, who was previously listed as one of Tomer Dafna's attorneys and was associated with at least four other properties subject to forfeiture in this case, was also previously listed as having an ownership interest in the Subject Property.

The government provided notice of its intent to seek forfeiture of the Subject Property in a Bill of Particulars filed in this case on September 17, 2019 (ECF No. 29). The government also filed a *Lis Pendens* with the Kings County Clerk on or about August 26, 2020.

II.    Legal Framework

    A.    The Criminal Forfeiture Ancillary Proceeding

Criminal forfeiture proceedings are governed by Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853. See 28 U.S.C. § 2461(c) (applying § 853 procedures to all criminal forfeiture proceedings). In criminal cases, third-party challenges to property subject to forfeiture are resolved in the post-trial ancillary proceeding. Pursuant to 21 U.S.C. § 853(k)(1), no party claiming an interest in property subject to forfeiture may intervene in a trial or appeal of a criminal case involving the forfeiture of such property.

The criminal forfeiture process may be summed up in two stages. In the first stage, a court adjudicates the interests of the criminal defendant. Once a criminal defendant is convicted of an offense, either by jury verdict or guilty plea, the district court must enter a preliminary order of forfeiture as to any assets subject to forfeiture. See Fed. R. Crim. P. 32.2(b)(1)-(2). "The court must enter the order without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). The preliminary order of forfeiture divests the criminal defendant of any right in the property in favor of the government, and requires the government to publish notice of its intent to forfeit the property and (where practicable) send individual notice to third parties with a potential or asserted legal interest in the property. See Fed. R. Crim. P. 32.2(b)(3), (4)(A), (6); 21 U.S.C. § 853(n)(1); United States v. Daugerdas, 892 F.3d 545, 549 (2d Cir. 2018).

3

In the second stage, a court adjudicates the interests of third parties. Once a third party files a petition asserting an interest in property to be forfeited, the district court must conduct an ancillary proceeding. See Fed. R. Crim. P. 32.2(c)(1); 21 U.S.C. § 853(n)(2). The court may consider legal and factual challenges in the ancillary proceeding and may permit the parties to conduct civil discovery. See Fed. R. Crim. P. 32.2(c)(1). After the conclusion of ancillary proceedings, the court enters a final order of forfeiture. See Fed. R. Crim. P. 32.2(c)(2); Daugerdas, 892 F.3d at 549. If the forfeited property belongs to the third party, then the property must be stricken from the order of forfeiture; however, if the property does not belong to the third party, then the preliminary order of forfeiture becomes final and the United States becomes the exclusive titleholder to the property. See 21 U.S.C. § 853(n)(6) and (7); United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005).

The sole purpose of the ancillary proceeding is to determine *ownership* of property subject to forfeiture. See United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001) (characterizing ancillary proceeding conducted pursuant to analogous RICO forfeiture provision, 18 U.S.C. § 1963(l), as quiet title proceeding that enables third parties to file claims to establish their ownership interest in property forfeited to government); United States v. McHan, 345 F.3d 262, 275-76 (4th Cir. 2003) (holding that petitioner in ancillary proceeding, which is akin to equitable quiet title proceeding, has no Seventh Amendment right to jury trial); United States v. Porchay, 533 F.3d 704, 710 (8th Cir. 2008) ("Section 853(n) does not give a third party the right to challenge the legality of the seizure . . . ."); DSI Assoc. LLC v. United States, 496 F.3d 175, 184 (2d Cir. 2007) (holding that general unsecured creditor could not collect debt by asserting claim in ancillary proceeding).

In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2). Ribadeniera, 105 F.3d at 834-35. Then, the claimant must show that his legal interest is a "superior legal interest" as compared to the government's interest at the time of the acts giving rise to forfeiture. United States v. Timley, 507 F.3d 1125, 1130 n.2 (8th Cir. 2007); Pacheco, 393 F.3d at 351. To show a superior interest, a claimant must either demonstrate under § 853(n)(6)(A) that he had priority of ownership over the forfeited property at the time of the offense, or must demonstrate under § 853(n)(6)(B) that he subsequently acquired the property as a bona fide purchaser for value without cause to believe the property was subject to forfeiture. Ribadeniera, 105 F.3d at 834-35. In addition, under the relation back doctrine, the government's exclusive interest in forfeited property "vests in the United States upon the commission of the act giving rise to forfeiture . . . ." 21 U.S.C. § 853(c); United States v. Nava, 404 F.3d 1119, 1124 (9th Cir. 2005) ("The title to the forfeited property vests in the United States at the time the defendant commits the unlawful acts . . .").

In sum, the ancillary proceeding is essentially a quiet title proceeding in which the court must determine whether forfeited property actually belongs to the third party that has asserted a claim to it. See, e.g., United States v. McHan, 345 F.3d 262, 275-76 (4th Cir. 2003). If the forfeited property belongs to the third party, then the property must be stricken

4

from the final order of forfeiture; however, if the property does not belong to the third party, then the preliminary order of forfeiture becomes final, and the United States becomes the exclusive titleholder to the property.  See 21 U.S.C. §§ 853(n)(6) and (7); United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005).

### B.    The Filing of a Lis Pendens Is Not a Seizure

The filing of a *lis pendens* is not a seizure.  See United States v. Borne, 2003 WL 22836059, *2-3 (E.D. La. Nov. 25, 2003) (the filing of a *lis pendens* is not a prejudgment seizure); United States v. Jefferson, 632 F. Supp. 2d 608, 617 (E.D. La. 2009) (same; following Borne; notice of *lis pendens* "is in  fact one of the less restrictive means of preserving the Government's interest" in that it allows the defendant to continue to use and enjoy the property).

Further, the filing of a *lis pendens* does not affect due process rights. See  Diaz v. Paterson, 547 F.3d 88, 98 (2d Cir. 2008) (the effect of a *lis pendens* "is simply to give notice to the world of  the remedy being sought" in a pending lawsuit; the owner of the property "continues to be able to inhabit and use the property, receive rental income from it, enjoy its privacy, and even alienate it"; thus, a *lis pendens* "is deemed one of  the less restrictive means of protecting a disputed property interest"); United States v. Register, 182 F.3d 820, 836 (11th Cir. 1999) (because filing *lis pendens* does not implicate due process rights, no post-filing hearing required to determine if *lis pendens* should be removed); United States v. Bohling, 321  Fed. Appx. 855, 858 (11th Cir. 2009) (same; following Register); United States v. Borne, 2003 WL 22836059, *3 (E.D.  La. 2003) (same); Aronson v. City of Akron, 116 F.3d 804, 811-12 (6th Cir. 1997) (because *lis pendens* is not a taking, filing *lis pendens* without prior notice did not violate defendant's due process rights); United States v. St. Pierre, 950 F. Supp. 334, 337  (M.D. Fla. 1996) (same).

### C.    Property Held By Third Party Nominees or Transferred to a Third Party May Be Forfeited

Property held by third party nominees or transferred to a third party may be forfeited.  See United States v. Brown, 2006 WL 898043, *5 (E.D.N.Y. Apr. 4, 2006) (if the government believes the forfeitable  property is held by a nominee, it may seek the forfeiture of the property in the criminal case and litigate the ownership of the property with the third party in the ancillary proceeding); United States v. Houlihan, 92 F.3d 1271, 1300 (1st Cir. 1996) (house forfeited from defendant based on evidence  establishing that defendant's uncle, whose name appeared on the deed, was a mere straw); United States v. Ida, 14 F. Supp. 2d 454, 460-61 (S.D.N.Y. 1998) (criminal forfeiture of real property held in third  party's name was proper where third party was a straw);  United States v. Petters, 857 F. Supp. 2d 841, 845 n.2 (D. Minn. 2012) (property purchased with the proceeds of the defendant's fraud may be forfeited in the defendant's criminal case even if it was titled in the

5

name of a corporation);  United States v. Moses, 2010 WL 3521725, *10 (D. Vt. Sept. 7, 2010) (court enters preliminary order of forfeiture against facilitating property transferred to third party for no value because transfer is void under § 853(c)).

III.     The Lis Pendens on the Subject Property Should Not Be Cancelled

     A.     All Third Party Claims to Forfeitable Property Must Be Adjudicated In The Criminal Forfeiture Ancillary Proceeding

     As noted above, 21 U.S.C. § 853(k)(1), bars any third party claiming an interest in property subject to forfeiture from intervening in a trial or appeal of a criminal case involving the forfeiture of such property.  It is clear that the laws governing the ancillary proceeding contemplate an orderly process for the adjudication of third-party interests after resolution of the underlying criminal case.  To allow the adjudication of third party claims to be conducted at this stage, prior to a resolution of the charges against the defendants in this case would be disruptive to the criminal trial process, and tantamount to the unlawful intervention by third-party claimants that is disfavored.  See, e.g., United States v. Holy Land Found. for Relief & Dev., 493 F.3d 469, 476 n.10, 477 (5th Cir. 2007) ("[I]t would be a significant burden on the Government to have to defend the forfeiture order from attack by a third party during the course of an ongoing criminal prosecution.").  Further, it would unfairly require the government to preview its case and its witnesses prior to the criminal trial in this case.

     Moreover, Section 853 contemplates finality following the conclusion of the ancillary proceeding.  See 21 U.S.C. § 853(n)(7) ("Following the court's disposition of all petitions filed" in the ancillary proceeding, "the United States shall have clear title to property that is the subject of the order of forfeiture.").  Thus, the court's interests in effective administration of justice and fairness to all potential third parties are best served by addressing all claimants' potential interests in the property subject to forfeiture in one ancillary proceeding following the conviction and/or resolution of the offenses charged against the defendants.  See 21 U.S.C. § 853(n)(4) ("The court may consolidate the hearing on the petition with a hearing on any other petition . . . .").

     Further, requiring third-party claimants to wait until after the conclusion of the criminal case to pursue claims in an ancillary proceeding has been found to comport with due process requirements. United States v. Zorrilla-Echevarria, 671 F.3d 1, 11-12 (1st Cir. 2011) (rejecting third party's claim that delay in commencing ancillary proceeding violated right to due process); see also United States v. $8,850, 461 U.S. 555, 564 (2005) (eighteen-month delay justified by the need to process related criminal proceedings); United States v. Banco Cafetero Panama, 797 F.2d 1154, 1163 (2d Cir. 1986) (some delay based on the need to prepare related criminal matters "comports with due process").  In assessing the reasonableness of such delay, courts consider "the length of delay, the reason for delay, the

claimant's assertion of his right to a prompt adjudication, and prejudice to the claimant."
Banco Cafetero Panama, 797 F.2d at 1163.

      B.    <u>The Filing of the Lis Pendens Is Proper</u>

      As noted above, the government's investigation revealed that the Subject Property was purchased by defendant Dafna with illegal proceeds derived from the wire and bank fraud scheme. Thus, the Subject Property represents property, real or personal, constituting, or derived, from proceeds obtained directly or indirectly as a result of the defendant's violations of 18 U.S.C. § 1349, and is therefore forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and 982(b)(1), 21 U.S.C. § 853(p) and 28 U.S.C. 2461(c). Accordingly, the government filed a *Lis Pendens* with the Kings County Clerk providing notice of its intent to seek forfeiture of the Subject Property.

      The authority to file a notice of *lis pendens* with a County Clerk in New York is provided by the New York Civil Practice Law and Rules:

> A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property, except in a summary proceeding brought to recover the possession of real property. The pendency of such action is constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency indexed in a block index against a block in which property affected is situated or any defendant against whose name a notice of pendency is indexed…

N.Y. C.P.L.R. § 6501. Here, since the judgments of conviction in this case, including any orders of forfeiture entered by the Court, "would affect the title to, or the possession, use or enjoyment of, real property," the filing of a Lis Pendens against the Subject Property is proper.

      Notwithstanding the fact that the Lis Pendens was filed on September 17, 2019, the government's interest in the Subject Property vested at the time of the commission of the acts giving rise to forfeiture. Title 21, United States Code, Section 853(c), also known as the "relation back provision" provides as follows:

> All right, title and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently

7

transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject for forfeiture under this section.

Further, as noted above, the law provides that property transferred to third parties may be forfeited, if, for example, the property is held by a nominee or straw owner. Therefore, although the Subject Property is not titled in any of the defendants' names, the government could prevail if the evidence establishes that the Claimant, owner of the Subject Property, is a straw purchaser or nominee. The law intends that such issues be resolved in the criminal forfeiture ancillary proceeding where the parties can engage in discovery, including depositions and document demands, to fully adjudicate all third-party claims to the forfeitable property.

IV.   <u>Conclusion</u>

For the reasons stated above, the *Lis Pendens* against the Subject Property should not be canceled. Further, it is the criminal forfeiture ancillary proceeding, not an Order to Show Cause proceeding, that is the proper venue to adjudicate Claimant's interest in the Subject Property.

Thank you for Your Honor's consideration of this motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s  *Tanisha Payne*
Tanisha R. Payne
Shannon Jones
Assistant U.S. Attorneys
(718) 254-6358

8