

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

JOY T. ANAKHU
*Senior Counsel*
Phone: (212) 356-2048
Fax: (212) 356-3509
Janakhu@law.nyc.gov

October 29, 2025

**BY ECF**
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    United States of America. v. Iskyo Aronov, et al.,
> 19-CR-408 (MKB)
>
> Properties: 442 Quincy Street, Brooklyn, New York 11221, Block 1810, Lot 25 ("442 Quincy"); and 255 Covert Street, Brooklyn, New York 11207, Block 3418, Lot 43 ("255 Covert")  (collectively, "Properties")

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing non-party, the City of New York (the "City"). I write Pursuant to the Court's October 15, 2025, Order directing interested parties to respond to petitioners' motion to set aside forfeiture (ECF No. 509) by October 30, 2025, the City respectfully submits this response.

The City is aware that non-party petitioner Wells Fargo Bank, N.A. ("Petitioner"), acting as the mortgage loan servicer for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation, seeks *inter alia* to have the Court recognize "the validity of Fannie Mae and Freddie Mac's secured interests as bona fide purchasers/encumbrances for value" based on the various mortgage interests secured against the Properties. ECF No. 508.   The petitioner also requests that the Court amend its order of forfeiture and determine that the 442 Quincy and 255 Covert properties are not subject to forfeiture.

The City takes no position with respect to the Petitioner's request, provided that its petition does not seek to remove, impair, or otherwise affect the City's interests in the Premises. As outlined in the City's petition filed on July 10, 2025 (ECF No. 466), the City holds various valid interests in the property, including ongoing taxes owed to the Department of Finance, water and sewer charges

owed to the Department of Environmental Protection, and judgments issued by the Environmental Control Board.

Accordingly, to the extent the petition does not adversely affect those interests or others, the City does not oppose it. However, if the relief sought would prejudice or diminish the City's interests, the City respectfully objects.

The City thanks the Court for its time and attention to this matter.

Respectfully Submitted,

Joy Anakhu
Senior Counsel

cc:    All Parties via ECF